■ JUDITH MANNO, Respondent, v RICHARD MANNO, Appellant. [600 NYS2d 968] —In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Meehan, J.), dated February 28, 1991, as (1) directed him to pay $1,776.25 per month in basic child support, (2) directed him to pay 56% of the costs of each child's college tuition, room, and board, up to a maximum of $6,000 for his daughter Teresa, and $3,360 per child for each of the other children, and (3) denied, without a hearing, his application to set aside a stipulation of settlement dated June 6, 1990.

Ordered that the judgment is modified, on the law and facts, by deleting (a) the provision thereof which directed the defendant former husband to pay $1,776.25 per month, and (b) the provision thereof directing the husband to pay 56% of the costs of the children's college tuition, room, and board; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a new determination of the husband's basic child support obligation, as well as

any obligation for educational expenses for the children, should the court find it appropriate to impose such an obligation; and it is further,

Ordered that pending that new determination, the defendant former husband shall pay child support of $1,650 per month, pursuant to the pendente lite award.

The plaintiff former wife and the defendant former husband were married in July 1967. There are eight children of the marriage. At the time of the trial of the action, three of the children were in college, the oldest of whom was 21 years old and in her senior year. A fourth child was getting ready to enter college.

Prior to the trial, the parties entered into a stipulation in open court wherein they resolved all issues pertaining to equitable distribution of their assets. Thus, the only issues upon which a trial was held were basic child support, educational expenses, and medical and dental care for the children. At the trial it was established that the husband's gross annual income was $60,500, plus $400 in investment income, for a total of $60,900. The wife's annual income was $48,000.

After testimony of both parties had been taken, the husband personally made an oral application to set aside the stipulation of settlement on the grounds, *inter alia,* that he was under extreme emotional distress and did not appreciate the nature and consequences of his actions at the time he agreed to its terms, that the terms of the agreement were unconscionable, and that, in any event, the wife materially breached the terms of the agreement. The court denied the application.

We find that the court properly denied the husband's motion to set aside the stipulation of settlement. A stipulation entered into in open court is binding and strictly enforceable *(see, Tinter v Tinter,* 96 AD2d 556), and may only be set aside upon a showing of fraud, collusion, mistake, accident, or some other ground of a similar nature *(see, Alfonso v Pollicino,* 128 AD2d 576; *Stiber v Stiber,* 65 AD2d 758; *Rado v Rado,* 51 AD2d 811). Here, the husband failed to make a prima facie showing of any of these factors. Moreover, we find nothing unconscionable about the settlement. We further note that the former husband was represented by competent counsel during the negotiations leading up to the settlement.

Using the figures of $60,900 for the former husband's annual income and $48,000 for the former wife's annual income, the court determined that the defendant should pay 35% of

his gross income (or $21,315) as basic child support. With respect to educational expenses, the court noted that the defendant's income was approximately 56% of the combined income of the parties. It, therefore, directed the defendant to pay 56% of the cost of college tuition, room and board, up to a maximum of $6,000 per year for his daughter Teresa, and up to a maximum of $3,360 per child per year for each of the other children. Applying the same formula, the court directed the defendant to pay 56% of all unreimbursed medical and dental costs of the children.

We find that the trial court erred in its calculation of the husband's basic child support obligation.

Domestic Relations Law § 240 (1-b) (c) provides, in pertinent part, that in determining the amount of the basic child support obligation, the court shall: (1) determine the combined parental income, (2) multiply the combined parental income up to $80,000 by the appropriate child support percentage, and prorate that amount in the same proportion as each parent's income is to the combined parental income, and (3) where the combined parental income exceeds $80,000, determine the amount of child support for the amount of the combined parental income in excess of $80,000 by considering facts set forth in Domestic Relations Law § 240 (1-b) (f) and/or the appropriate child support percentage. The factors which are to be considered include the financial resources of the custodial and noncustodial parents, and those of the child, the tax consequences to the parties, and a determination that the gross income of one parent is substantially less than the other parent's gross income.

In this case, the applicable child support percentage is "no less than thirty-five percent of the combined parental income" (see, Domestic Relations Law § 240 [1-b] [b] [3] [v]). However, pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (vii), social security (hereinafter FICA) taxes actually paid shall be deducted from income prior to determining the combined parental income.

At bar, the husband testified that his 1990 gross income would be $60,500. On his statement of net worth, he indicated that his monthly FICA taxes were $385. He also indicated that "there could be approximately $400/year" in interest income. The wife's partial statement of net worth dated September 10, 1990, shows that her monthly income was $3,884.25. However, at the trial she testified that she expected her 1990 gross income to be $48,000 or $49,000. The statement

indicated that no deduction was made for social security taxes. She also showed "Dividends and Interest (taxable)" of $210.92.

Based on this evidence, the trial court should have computed the parties' combined parental income after taking into consideration FICA taxes actually paid and the parties' interest incomes. Since the court failed to take these figures into consideration, it erred in calculating the husband's basic child support obligation. Further, the court failed to set forth the basis for applying the child support percentage to parental income in excess of $80,000.

The court's failure to factor dependent exemptions, real estate taxes, and mortgage interest deductions into the computation of the wife's gross annual income was not an error. Nowhere in the Domestic Relations Law is there a provision that these items may be considered in determining a parent's gross income.

We also find that the court improvidently exercised its discretion in directing the defendant to contribute 56% of the children's college tuition, room and board. Domestic Relations Law § 240 (1-b) (c) (7) provides, in relevant part, that "[w]here the court determines, having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires, that the present or future provision of post-secondary, private, special, or enriched education for the child is appropriate, the court may award educational expenses". Prior to the enactment of this provision, we held that absent "special circumstances" or a voluntary agreement, the furnishing of a private school college education to one's minor children was not regarded as a necessary expense for which a parent could be obligated (see, Romansoff v Romansoff, 167 AD2d 527; Jackson v Jackson, 138 AD2d 455; Keehn v Keehn, 137 AD2d 493). However, with the enactment of Domestic Relations Law § 240 (1-b) (c) (7), the court may properly direct a parent to contribute to a child's private college education, even in the absence of special circumstances or a voluntary agreement of the parties, so long as the court's discretion is not improvidently exercised in that regard. In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice.

At bar, the former husband testified that his take-home pay was $2,745 per month. Out of that amount, the court directed him to pay $1,776.25 per month (or $21,315 per year) to the wife as and for basic child support. The husband testified also

that his monthly rent was $650. In addition to basic child support, the court also directed the husband to contribute 56% of the children's unreimbursed medical and dental expenses.

Here, the basic child support obligation imposed upon the husband consumed more than half of his take-home pay. In making an award, the trial court must take into account the need of a parent to maintain a separate household and have money to live on after support payments are made *(see, Keehn v Keehn, supra; Matter of Flanter v Flanter,* 123 AD2d 626), and any tax consequences for liquidating assets. It is clear that the defendant former husband, upon payment of the basic child support awarded by the court, would not be financially able to pay educational expenses in the amount awarded *(see, Romansoff v Romansoff, supra; Jackson v Jackson, supra).*

We remit the matter to Supreme Court, Rockland County, for a proper computation of the husband's basic child support obligation. After a proper computation has been made, the court may determine whether an additional award for educational expenses is appropriate. Sullivan, J. P., Eiber, Pizzuto and Joy, JJ., concur.