■ HOWARD B. COHEN, Appellant, v RONNIE COHEN, Respondent. [610 NYS2d 313] —In a matrimonial action for divorce and ancillary relief, the plaintiff former husband appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 4, 1992, as directed him to pay (1) his daughter's college expenses in the sum of $15,000, (2) all outstanding unpaid support arrears, and (3) the wife's counsel fees in the sum of $7,368.50.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties' separation agreement, which was incorporated into and survived the judgment of divorce, was silent on the issue of the children's college expenses. The former husband

412

claims that in the absence of a voluntary agreement between the parties as to college costs, and further because the former wife failed to meet her burden of showing that special circumstances existed *(see, Matter of Ragazzo v Murray,* 175 AD2d 247; *Romansoff v Romansoff,* 167 AD2d 527; *Matter of Montagnino v Montagnino,* 163 AD2d 598; *Jackson v Jackson,* 138 AD2d 455; *Keehn v Keehn,* 137 AD2d 493), he was not required to pay any of his daughter's expenditures at Tufts University.

Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may now direct a parent to contribute to a child's private college education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised in that regard *(see, Manno v Manno,* 196 AD2d 488). In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice *(see,* Domestic Relations Law § 240 [1-b] [c] [7]). The record shows that before directing the former husband to contribute $15,000 toward his daughter's college education at Tufts University, it took into account all of the aforementioned factors.

The record further shows that the court did not improvidently exercise its discretion when it awarded the wife outstanding unpaid support arrears and counsel fees in conjunction therewith. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.