■ IRENE M. VLAK, Appellant, v HUUB M. F. NELISSEN, Respondent. [615 NYS2d 66] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated April 8, 1992, which, inter alia, dissolved the marriage and distributed the parties' property.

Ordered that the judgment is modified by adding thereto a provision directing the husband to enroll the parties' child in his employer's health insurance plan pursuant to Domestic Relations Law § 240 (1); as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court Westchester County, for a hearing to determine the costs and duration of the child care expenses (e.g., babysitter, day care) required by the parties' child, and the amount of such child care expenses to be paid by each of the parties.

Where, as here, the custodial parent is receiving higher education that will lead to employment, child care expenses

shall be prorated in the proportion that each parent's income bears to the combined parental income and each parent's pro rata share of the child care expenses shall be separately stated and added to the amount of basic child support calculated under the Child Support Standards Act *(see,* Domestic Relations Law § 240 [1-b] [c] [4]). In making this determination the court should consider whether the plaintiff wife's lack of employment was designed to reduce her income in order to avoid her child support obligation *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [v]).

Further, the court erred by not ordering the defendant father to provide his daughter with health insurance coverage through his employer's policy. Domestic Relations Law § 240 (1) provides, in part, "[w]here employer or other organization subsidized health insurance coverage is available, the court shall order the legally responsible relative to enroll eligible dependents" for coverage under the policy.

We have considered the plaintiff's remaining arguments and find that they are without merit. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.