■ PATRICIA A. BRENNAN, Respondent, v GEORGE A. BRENNAN, Appellant. [645 NYS2d 876] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of an amended judgment of the Supreme Court, Queens County (Turret, J.H.O.), dated March 3, 1995, which, inter alia, (1) directed him to pay the wife a distributive award in the amount of $64,414, (2) directed him to execute promissory notes in favor of the wife to secure payment of her half of a mortgage from the sale of a marital asset, (3) directed him to pay 100% of the children's education, tuition, room, and board expenses at private school and college, and (4) directed him to maintain a life insurance policy and to pay to the wife one-half of the surrender value of that policy.

Ordered that the amended judgment is modified by (1) deleting the provision thereof which directed the husband to pay a lump sum distributive award of $64,414, (2) deleting the provision thereof requiring the husband to pay 100% of the children's education, tuition, room, and board expenses at private school and college and substituting therefor a provision directing him to pay 85% of such expenses, and the wife to pay 15% of such expenses, and (3) deleting the provision thereof directing the husband to execute promissory notes in favor of the wife to secure payment of her half of a mortgage from the sale of a marital asset and substituting therefor a provision directing the husband to execute an assignment to the wife of one-half of the proceeds from the mortgage; as so modified, the amended judgment is affirmed insofar as appealed from, with costs to the husband.

The credible expert testimony and evidence presented at trial supports an increase in the valuation of the marital home, which was awarded to the wife, to $340,000, and a decrease in the valuation of the exterminating business, which was awarded to the husband, to $163,347. Adjusting the equitable distribution of the parties' assets to reflect these changed valuations, taking into consideration, *inter alia,* the mortgage on the marital home, results in a reduction of the wife's lump sum distributive award from $64,414 to zero.

Further, the court improvidently exercised its discretion in directing the husband to pay 100% of the children's education, tuition, room, and board expenses at private school and college. In view of the circumstances of the respective parties, the best interests of the children, and the interests of justice, a more appropriate direction would be for the husband to pay 85% of such expenses, and for the wife to pay 15% of such expenses *(see, Matter of Cassano v Cassano,* 203 AD2d 563, *affd* 85 NY2d 649; *Manno v Manno,* 196 AD2d 488). This reflects the respective percentages of the annual earnings of the parties as established at trial.

The court improvidently exercised its discretion in directing the husband to execute promissory notes to secure payment to the wife of her half of a mortgage owed by a third party from the sale of a marital asset. Such notes would render the husband the *de facto* guarantor of the mortgage. Rather, the husband should be directed to execute an assignment to the wife of one-half of the proceeds from the mortgage.

The husband's remaining contentions are either without merit or academic. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.