■ PATTY M. CHAN, Respondent, v KWAN CHAN, Appellant. [701 NYS2d 114] —In a matrimonial action in which the parties were divorced by judgment dated October 9, 1998, the defendant former husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Geller, J.), entered March 9, 1999, which, after a hear-

ing, *inter alia,* directed him to pay the plaintiff former wife (1) the sum of $225 per week for the support of the parties' two children, (2) 50% of the children's parochial school tuition expenses, and (3) 25% of the increase in the value of the marital premises.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly exercised its discretion in awarding the sum of $225 per week as child support (*see,* Domestic Relations Law § 240; Family Ct Act § 413; *Bast v Rossoff,* 91 NY2d 723), and requiring the defendant to pay one-half of the parochial school expenses for the parties' two children. Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised in that regard (*see, Matter of Cassano v Cassano,* 203 AD2d 563; *Cohen v Cohen,* 203 AD2d 411; *Manno v Manno,* 196 AD2d 488). "In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (*Manno v Manno, supra,* at 491).

Here, the Supreme Court considered each of these factors in directing the defendant husband to contribute to the parochial school expenses. Under these circumstances, the court's determination was a provident exercise of discretion (*see, Cohen v Cohen, supra*).

In addition, the court did not err in failing to credit the defendant for payments made to the plaintiff prior to the issuance of a pendente lite order, inasmuch as the payments were voluntarily made, and were not made pursuant to the court's direction (*see, Krantz v Krantz,* 175 AD2d 865; *cf., Kessinger v Kessinger,* 202 AD2d 752; *Bara v Bara,* 130 AD2d 613).

The trial court properly awarded the plaintiff 25% of the appreciation in the value of the marital residence. While a spouse may be entitled to a share of the appreciation in the value of a marital residence (*see,* Domestic Relations Law § 236 [B] [1] [d] [3]), he or she must "demonstrate the manner in which his contributions resulted in the increase in value and the amount of the increase which was attributable to his efforts" (*Elmaleh v Elmaleh,* 184 AD2d 544, 545; *see, Fitzgibbon v Fitzgibbon,* 161 AD2d 619). In addition to her contributions as a homemaker and mother, the plaintiff worked outside the home and shared equally in the payment of the mortgage, carrying

charges, and various renovations on the residence during the marriage (*see, Lagnena v Lagnena,* 215 AD2d 445).

The defendant's remaining contentions are without merit. Santucci, J. P., Joy, Florio and Luciano, JJ., concur.