■ WILLIAM KLISIVITCH, Appellant, v CHRISTA KLISIVITCH, Respondent. [753 NYS2d 866] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 26, 2001, as, after a hearing, denied his application for an award of child support and other ancillary relief.

■ WILLIAM KLISIVITCH, Appellant, v CHRISTA KLISIVITCH, Respondent. [753 NYS2d 865] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 26, 2001, as, upon reargument, adhered to the original determination in an order dated January 31, 2001, which denied, without a hearing, the husband's cross motion to vacate the oral stipulation of settlement entered into by the parties on August 9, 1999.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

It is well established that a stipulation of settlement will not be set aside lightly, especially where it is made in open court by parties represented by independent counsel (*see Middleton v Middleton,* 174 AD2d 655). The value of the appellant's textile business was set by a prior stipulation which the appellant does not challenge. Pursuant to the stipulation of settlement entered into on August 9, 1999, in open court in the presence

of the parties and their counsel, the defendant wife waived traditional maintenance and agreed to accept installment payments for equitable distribution of her share of the appellant's assets over a period of 11 years. The appellant challenged this stipulation approximately one year after agreeing to its provisions, in response to the defendant's motion to enforce its provisions. It cannot be said that the stipulation dated August 9, 1999, was unconscionable when made (*see Christian v Christian,* 42 NY2d 63, 71; *Manno v Manno,* 196 AD2d 488).

The appellant's remaining contentions are without merit. Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.