*367 In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Blass, J.), entered January 8, 2003, which denied her objections to an order of the same court (Buetow, J.) entered November 7, 2002, which, after a hearing, inter alia, denied those branches of her petition which were for reimbursement of private secondary school tuition for the parties’ daughter and for child support during the time the father was paying for the full-time college tuition and expenses of the parties’ children.
Ordered that the order is affirmed, with costs.
The parties’ separation agreement, which is incorporated but not merged into the judgment of divorce dated August 2, 1993, is silent as to the parties’ obligation to pay for the children’s private secondary school tuition. With the enactment of Domestic Relations Law § 240 (1-b) (c) (7), a court may properly direct a parent to contribute to a child’s private education, even in the absence of special circumstances or a voluntary agreement of the parties (see Manno v Manno, 196 AD2d 488 [1993]). Here, the Family Court providently exercised its discretion in denying the mother’s request for reimbursement of private secondary school tuition for the parties’ daughter. It properly determined that the mother’s request was untimely and that, in any event, she had sufficient resources to pay for the one year of private secondary school tuition herself.
The parties’ separation agreement provides that any payments made by the father for the educational expenses of the children shall be deemed child support. It is well settled that parties’ obligations as defined by their separation agreement, which is an independent contract, must be construed in accordance with the principles of contract interpretation (see Merl v Merl, 67 NY2d 359, 362 [1986]). Where, as here, the contract language is clear and unambiguous, the intent of the parties must be gleaned from the agreement without resort to extrinsic evidence (see Rainbow v Swisher, 72 NY2d 106, 109 [1988]). Thus, the Family Court properly denied the mother’s request for child support during the time the children are enrolled as full-time college students provided that the father pay their college tuition and expenses in accordance with the agreement. Santucci, J.E, Luciano, Schmidt and Adams, JJ., concur.