■ KENNETH M. COHEN, Appellant, v HANI Y. COHEN, Respondent. [800 NYS2d 435]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated October 22, 2003, which, inter alia, directed him to pay 64% of the religious school tuition for the parties' children, to continue to maintain health insurance benefits for the children and contribute his pro rata share of the children's unreimbursed medical expenses, and to pay maintenance to the defendant in the sum of $250 per week for a period of three years.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A court may award educational expenses for private schooling "having regard for the circumstances of the case and of the respective parties and in the best interests of the child" (Domestic Relations Law 240 [1-b] [c] [7]; *see Chalif v Chalif*, 298 AD2d 348, 349-350 [2002]; *Chan v Kwan Chan,* 267 AD2d 413, 414

[1999]; *Matter of Cassano v Cassano,* 203 AD2d 563, 564-565 [1994], *affd* 85 NY2d 649 [1995]; *Cohen v Cohen,* 203 AD2d 411 [1994]; *cf. Saslow v Saslow,* 305 AD2d 487 [2003]; *Manno v Manno,* 196 AD2d 488 [1993]). Here, the parties led a religious life during the marriage, including enrollment of their children in full-time religious school. In view of this, as well as all of the circumstances of this case, the Supreme Court properly ordered the plaintiff to pay a pro rata share of the children's religious school tuition.

The Supreme Court also properly directed the plaintiff to continue to maintain health insurance benefits for the children and to contribute his pro rata share of their unreimbursed medical expenses (*see Granade-Bastuck v Bastuck,* 249 AD2d 444 [1998]; *Vlak v Nelissen,* 206 AD2d 521 [1994]; *Wilson v Wilson,* 203 AD2d 558 [1994]).

Contrary to the plaintiff's contention, there is no reason to disturb the maintenance award. The overriding purpose of an award of maintenance is to enable the receiving spouse to achieve financial independence (*see Bains v Bains,* 308 AD2d 557, 559 [2003]; *Ventimiglia v Ventimiglia,* 307 AD2d 993, 995 [2003]; *Schenfeld v Schenfeld,* 289 AD2d 219, 220 [2001]; *Granade-Bastuck v Bastuck, supra* at 446). Inasmuch as the defendant was attending evening college classes to become a certified teacher, the three-year award of spousal support was a proper exercise of the court's discretion (*see Ventimiglia v Ventimiglia, supra* 307; *Unterreiner v Unterreiner,* 288 AD2d 463 [2001]). Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.