■ In the Matter of Isabel Fersh, Appellant, v David Fersh, Respondent. [817 NYS2d 95]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of (1) an order of the Family Court, Suffolk County (Simeone, J.), dated April 13, 2005, as denied her objection and

sustained the father's objection to an order of the same court (Livrieri, S.M.) dated January 31, 2005, which, after a hearing, inter alia, in effect, determined that the father was required to pay one half of the parties' son's college expenses at Cornell University School of Industrial and Labor Relations, reduced by a credit of one half of the amount of a college scholarship award for the fall 2004 and spring 2005 semesters, and instead required the father to pay only one half of "the maximum that is charged by [the State University of New York] for a SUNY school," reduced by a credit of one half of the amount of a college scholarship award for the fall 2004 and spring 2005 semesters, and (2) an order of the same court dated June 30, 2005, as, upon reargument, adhered to so much of its prior determination as established the father's share of college expenses for the parties' son.

Ordered that the appeal from so much of the order dated April 13, 2005, as sustained the father's objection is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated June 30, 2005 made upon reargument; and it is further,

Ordered that the order dated April 13, 2005 is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated June 30, 2005 is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly granted the father's objection to the Support Magistrate's determination that he was required to pay one half of the son's college expenses at the Cornell University School of Industrial and Labor Relations. The terms of a stipulation entered into by the parties limited the father's share of the son's college expenses to the "maximum that is charged by SUNY." Although the school that the son attends is affiliated with the State University of New York, its tuition is charged by Cornell University (see Education Law § 5715 [6] [b]), and therefore, those amounts charged by the Cornell University School of Industrial and Labor Relations cannot be used under the parties' stipulation to define the father's obligation.

Furthermore, the Family Court properly denied the mother's objection to the Support Magistrate's determination that the father was entitled to a credit of one half of the son's scholarship award since the stipulation expressly provides for a deduction of scholarships from college expenses.

To the extent that the mother claims that the father violated the Support Magistrate's order by deducting one half of the

2003-2004 year scholarship from his payments, that claim cannot be raised on appeal. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.