In the Matter of CATHERINE HOLLIDAY, Respondent, v ROBERT HOLLIDAY, Appellant. [828 NYS2d 96]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, (1) from so much of an order of the Family Court, Suffolk County (Simeone, J.), dated January 20, 2006, as (a), in effect, denied his objection to so much of an order of the same court (Orlando, S.M.) dated December 1, 2005, as, after a hearing, granted that branch of the petition which was to direct him to pay 50% of the cost of his child's education at a private university, and (b) directed him to contribute the sum of $10,952 per year towards the cost of such education, and (2) from so much of an order of the same court (Orlando, S.M.) dated February 14, 2006, as, after a hearing and upon a decision dated December 1, 2005, granted that branch of the petition which was to direct him to pay increased child support in the amount of $290.45 per week.

Ordered that the order dated January 20, 2006, is reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, the objection is sustained, so much of the order dated December 1, 2005, as granted that branch of the petition which was to direct the father to pay 50% of the cost of his child's education at a private university is vacated, the father is directed to pay 50% of the cost of his child's education at a college in the State University of New York (SUNY) system, and the matter is remitted to the Family Court, Suffolk County, for a new calculation of the amount of the father's contribution to his child's college education in accordance herewith; and it is further,

Ordered that the appeal from the order dated February 14, 2006, is dismissed, without costs or disbursements.

Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised in that regard (*see Chan v Chan*, 267 AD2d 413, 414 [1999]; *Matter of Cassano v Cassano*, 203 AD2d 563 [1994], *affd on other grounds* 85 NY2d 649 [1995]; *Manno v Manno*, 196 AD2d 488 [1993]). "In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (*Chan v Chan, supra* at 414, quoting *Manno v Manno, supra* at 491; *see Cohen v Cohen*, 21 AD3d 341 [2005]).

In the instant case, the Family Court improvidently exercised its discretion in requiring the father to pay approximately 50% of the cost of his daughter's education at a private university, which amounted to a payment obligation in the sum of $10,952 per year. Under the circumstances presented here, the father's contribution should have been limited to 50% of what it would annually cost to send his daughter to a college in the State University of New York (hereinafter SUNY) system (*see Matter of Cassano v Cassano, supra*). Since the annual cost of a attending a college in the SUNY system cannot be discerned from the record before us, we remit this matter to the Family Court for a new calculation regarding the amount of the father's contribution.

The father's remaining contention regarding the COLA calculation of his weekly child support obligation is not properly before this Court. Specifically, his appeal from the order dated February 14, 2006, must be dismissed as no appeal lies from an order of a Support Magistrate where, as here, the appellant has

not submitted objections to the order to a Family Court Judge (*see Matter of Prill v Mandell*, 237 AD2d 445, 446 [1997]; *Matter of Werner v Werner*, 130 AD2d 754 [1987]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.