■ In the Matter of Dennis P. Biancanello, Jr., Appellant, v Renee Russano, Respondent. [864 NYS2d 102]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Bennett, J.), dated June 11, 2007, which denied his objections to an order of the same court (Beck Cahn, S.M.), dated February 4, 2007, which, after a hearing, inter alia, determined that the mother was not in willful violation of her support obligations, granted the father's petition only to the extent of establishing arrears for the mother's pro rata share of child care expenses in the sum of $1,512, and awarded the father a money judgment in that amount.

854

Ordered that the order dated June 11, 2007 is modified, on the facts, by deleting the provision thereof denying the father's objection to so much of the order dated February 4, 2007, as granted his petition only to the extent of establishing arrears for the mother's pro rata share of child care expenses in the sum of $1,512 and awarding him a money judgment in that amount, and substituting therefor a provision sustaining that objection and modifying the order dated February 4, 2007, to establish arrears for the mother's pro rata share of child care expenses in the sum of $3,100.80 and to award the father a money judgment in that amount; as so modified, the order dated June 11, 2007 is affirmed insofar as appealed from, without costs or disbursements.

At a support violation hearing, the petitioner has the initial burden of presenting prima facie evidence of nonpayment of child support (*see Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]; *Matter of Armstrong v Belrose,* 9 AD3d 625, 626 [2004]). A respondent is prima facie presumed to have sufficient means to support his or her children (*see* Family Ct Act § 437; *Matter of Powers v Powers,* 86 NY2d at 68-69).

The father's uncontroverted testimony, as supported by documentary evidence, established that he paid $9,690 of day care expenses for the parties' child and that the mother failed to reimburse him the 32% share as required by their child support order, despite the father's demand for it. Therefore, the mother is in arrears in the sum of $3,100.80 (i.e., 32% of $9,690), and the father is entitled to a money judgment in the sum of $3,100.80.

The parties' remaining contentions are without merit. Fisher, J.P., Dillon, Covello and Angiolillo, JJ., concur.