In the Matter of FRANK PACCIONE, Appellant, v ANNE MARIE PACCIONE, Respondent. [870 NYS2d 430]—

The mother and father were divorced by judgment dated August 17, 1995, which incorporated, but did not merge, a

separation agreement dated May 20, 1994. Pursuant to the separation agreement, the father was required to pay the mother child support which was, at the time of the filing of the instant petition and cross petition, in the sum of $1,298 per month. He also was required to pay 50% of the children's health insurance premiums and unreimbursed medical expenses and, as "additional child support," 50% of any bonuses received from his employment.

On January 4, 2007 the father filed a petition for a temporary downward modification of his child support obligation during a period of unemployment. The mother filed a cross petition, inter alia, in effect, for arrears of child support (including health insurance premiums and unreimbursed medical expenses) and additional child support based on the father's past employment bonuses, and for reimbursement of certain college expenses, and to modify the parties' stipulation of settlement dated May 20, 1994, which was incorporated but not merged into the judgment of divorce dated August 17, 1995, to require the father to pay 50% of future college expenses, and for an award of an attorney's fee. Following a hearing, in an order entered July 26, 2007, the Support Magistrate granted the father's petition, temporarily reducing the father's child support obligation to the sum of $439 per month, from January 1, 2007 through April 30, 2007, during a period of unemployment. The Support Magistrate also granted those branches of the mother's cross petition which were, in effect, for child support arrears (including health insurance premiums and unreimbursed medical expenses) and additional child support based on the father's past employment bonuses, and for reimbursement of certain college expenses, fixed the father's obligation in the sum of $11,154.81, awarded the mother an attorney's fee in the sum of $2,250, and directed the father to pay 50% of future college expenses for the subject children. The Family Court denied the father's objections to so much of the Support Magistrate's order as granted the mother relief on her cross petition.

The Support Magistrate erred in holding the father in arrears for additional child support based on his past employment bonuses. As the petitioner on the violation petition, the mother had the initial burden of presenting prima facie evidence of nonpayment of child support (see Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Biancanello v Russano, 54 AD3d 853 [2008]; Miller v Miller, 18 AD3d 629, 630 [2005]; Matter of Armstrong v Belrose, 9 AD3d 625, 626 [2004]). Her submission of the father's employment records and a statement that she could not remember whether she was paid for each bonus was

insufficient to shift the burden of proof to the father (*cf. Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Armstrong v Belrose*, 9 AD3d 625, 627 [2004]).

Additionally, the record does not support a determination that the father was in arrears for any health insurance premiums, unreimbursed medical expenses, or child support for the 2006 calendar year. The mother conceded at the hearing that the father had paid all support due through 2006, and that he had continued to pay all medical expenses, including premiums, and a reduced monthly amount of $405 in child support in 2007 up to the date of the hearing. She also stated that he had paid his agreed-upon share of their older daughter's 2006-2007 college expenses. Accordingly, the father was in arrears only for his child support obligations from January 2007 through May 2007. The total child support due for those five months was the sum of $6,490. However, the father is entitled to credit for the payments he made in the sum of $2,025 ($405 each month), and for the temporary reduction in his child support obligation for the period from January 1, 2007 through April 30, 2007, in the sum of $3,436 ($859 each month). Thus, his arrears for child support total the sum of $1,029.

The Support Magistrate also erred in awarding the mother an attorney's fee pursuant to the parties' separation agreement. That agreement provides that a party who prevails in legal proceedings to enforce the performance of the provisions of the separation agreement may recover "necessary and reasonable costs and expenses incurred," including an attorney's fee. The mother conceded at the hearing that the father had paid all of the child support due except for the period for which he was seeking a reduction. Moreover, the separation agreement required that "prior to instituting any enforcement action or proceeding, the nonbreaching party shall notify the other by certified mail, return receipt requested," of the alleged breach, and the other shall have 30 days to cure the default. The mother provided no evidence of any default for which she had provided the requisite notice. Consequently, she was not entitled to an award of an attorney's fee under the separation agreement.

Finally, the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties (*see Matter of Holliday v Holliday*, 35 AD3d 468, 469 [2006]; *Matter of Poznik v Froebel*, 1 AD3d 366, 367 [2003]; *Chan v Chan*, 267 AD2d 413, 414 [1999]; *Matter of McLoughlin v McLoughlin*, 213 AD2d 650, 651 [1995]; *Cohen v Cohen*, 203 AD2d 411, 412 [1994]; *cf. Manno v Manno*, 196 AD2d 488, 491 [1993]). In determining whether to award

educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice (*see Matter of Holliday v Holliday*, 35 AD3d 468, 469 [2006]; *Chan v Chan*, 267 AD2d 413, 414 [1999]; *Manno v Manno*, 196 AD2d 488, 491 [1993]). Here, the Family Court made no findings on the record with regard to the circumstances of the case and the respective parties (*see Saslow v Saslow*, 305 AD2d 487, 489 [2003]; *Mrowka v Mrowka*, 260 AD2d 613 [1999]; *Matter of Wieser v Wieser*, 253 AD2d 467, 468 [1998]). The father claimed to have exhausted his financial resources, including his pension, in order to meet his support obligations. In addition, the parties alluded to an agreement that the father pay his pro rata share of what it would have cost for their daughter to attend SUNY Albany, rather than Ithaca College (*cf. Matter of Holliday v Holliday*, 35 AD3d 468, 469 [2006]; *Matter of Fersh v Fersh*, 30 AD3d 414, 415 [2006]; *Balk v Rosoff*, 280 AD2d 568, 569 [2001]; *Morris v Morris*, 251 AD2d 637 [1998]; *Matter of Collins v Collins*, 222 AD2d 584 [1995]). The record, however, does not provide a sufficient basis upon which to make any determination with respect to either of these issues. Therefore, the court erred in directing the father to reimburse the mother for certain college expenses. We remit the matter to the Family Court, Westchester County, for a determination as to whether that branch of the mother's cross petition which was to modify the stipulation of settlement to require the father to pay 50% of future college expenses should be granted under the circumstances presented here. Fisher, J.P., Balkin, McCarthy and Leventhal, JJ., concur.