■ In the Matter of Andrzej Niewiadomski, Appellant, v Valerie Jacoby, Respondent. [878 NYS2d 388]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Budd, J.), dated August 6, 2008, which, inter alia, denied his objections to an order of the same court (Fields, S.M.), dated April 28, 2008, which, after a hearing, and upon granting the mother's cross petition for an award of college tuition expenses for the parties' daughter to the extent of apportioning 79% of those expenses to him and 21% of those expenses to the mother, directed the entry of a money judgment in favor of the mother and against him in the sum of $3,750.51.

Ordered that the order dated August 6, 2008, is modified, on the facts and in the exercise of discretion, by sustaining the father's objections to the extent of reducing the amount of the money judgment directed from the sum of $3,750.51 to the sum of $2,373.74, and reapportioning the parties' respective responsibility for their daughter's college tuition expenses from 79% to the father and 21% to the mother, to 50% to the father and 50% to the mother; as so modified, the order is affirmed, without costs or disbursements.

"In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the [child], and the requirements of justice" (*Manno v Manno*, 196 AD2d 488, 491 [1993]; *see Matter of Paccione v Paccione*, 57 AD3d 900, 903-904 [2008]). We agree with the father that, under the circumstances of this case, the Family Court improvidently exercised its discretion in requiring him to pay 79% of the college tuition expenses of the parties' daughter, while requiring the mother to pay only 21% of those expenses. Upon consideration of all of the relevant factors, including the mother's substantial assets (*see Reiss v Reiss*, 56 AD3d 1293, 1294 [2008]), an apportionment of 50% of those expenses to each party is appropriate.

The father's remaining contentions are without merit. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.