■ In the Matter of JACQUELINE OCASIO, Respondent, v JEFFREY A. SMITH, SR., Appellant. [895 NYS2d 472]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), entered May 26, 2009, as granted that portion of the mother's objection which was to the second decretal paragraph of an order of the same court (Braxton, S.M.), dated March 18, 2009, which directed him to pay, inter alia, the sum of $123 per

month to the mother in connection with the college loan the mother obtained for the parties' daughter to attend Pace University, and upon granting that portion of the objection, vacated the second decretal paragraph of the order dated March 18, 2009, and directed him to pay 76% of all Pace University expenses, such as tuition, books, and room and board, for the parties' daughter until she reaches the age of 21, with a credit to him for the amount of room and board he pays to Pace University against the basic support he is obligated to pay directly to the parties' daughter pursuant to the order of the Support Magistrate.

Ordered that the order entered May 26, 2009, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.

In determining child support, a court may order a parent to contribute to a child's educational expenses (see Domestic Relations Law § 240 [1-b] [c] [7]), even in the absence of special circumstances or a voluntary agreement of the parties (see Matter of Paccione v Paccione, 57 AD3d 900, 903 [2008]; Matter of Holliday v Holliday, 35 AD3d 468 [2006]; Manno v Manno, 196 AD2d 488, 491 [1993]). In making such a discretionary award, a court must consider the circumstances of the case and the respective parties, the best interests of the child, and the requirements of justice (see Matter of Niewiadomski v Jacoby, 61 AD3d 871 [2009]; Saslow v Saslow, 305 AD2d 487 [2003]). Here, in directing the father and mother to pay 76% and 24%, respectively, of their daughter's college expenses at Pace University, the Family Court improvidently exercised its discretion, as it failed to consider the above factors. For example, the court did not determine or consider the financial impact of its allocation of expenses upon the father's ability to maintain a separate household, which includes dependents (see Matter of Paccione v Paccione, 57 AD3d at 904; Manno v Manno, 196 AD2d at 492). We note that the record contains a reference to an offer by the father to contribute one half of the amount of college tuition at a state school (see Matter of Paccione v Paccione, 57 AD3d at 904; Matter of Holliday v Holliday, 35 AD3d at 469; cf. Balk v Rosoff, 280 AD2d 568, 569 [2001]). However, the record does not provide a sufficient basis upon which to make any determination with respect to this issue. We therefore reverse the order entered May 26, 2009, insofar as appealed from, deny that portion of the mother's objection which was to the second decretal paragraph of the order dated March 18, 2009, and remit the

matter to the Family Court, Orange County, for a new determination of that portion of the mother's objection after a hearing on the issue of whether, and to what extent, the father should be required to contribute to the college expenses of the parties' daughter. Fisher, J.P., Florio, Belen and Hall, JJ., concur.