*204 OPINION OF THE COURT
W. Dennis Duggan, J.
Did the Support Magistrate correctly determine that the father is responsible for 71% of his son’s private school tuition even though the mother agreed that she would pay the full cost of that tuition? The court holds that the Magistrate’s decision was correct.
These parents have two children, ages 10 and 12. Last year the mother switched her oldest son, then in sixth grade, from a local public school to Christian Brothers Academy (CBA) for reasons related to the child’s emotional circumstances, the learning environment and bullying issues at the public school. The mother sought a tuition contribution from the father pursuant to Family Court Act § 413 (1) (c) (7).[1]
The father’s objection to the Magistrate’s decision raises the following points:
1. The parents agreed that the mother would pay the full tuition.
2. CBA is “one of the most expensive schools in the Capital District.”
3. That the mother failed to prove the special circumstances that would support ordering him to pay 71% of the costs for private schooling.[2]
Under the circumstances of this case, none of these are valid legal or factual objections to the Magistrate’s determination of this issue. Both parents concede that they agreed to send their child to private school. The mother also concedes that she agreed to pay the full tuition. However, for reasons set forth below that circumstance (their agreement) enhances the mother’s claim under article 4 of the Family Court Act while providing no defense for the father. The only issue properly before the Magistrate was whether the mother sustained her burden of producing evidence that met the standards set forth in Family Court Act § 413 (1) (c) (7). The court agrees that she did.
*205 The relevant section reads as follows:
“Where the court determines, having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires, that the present or future provision of post-secondary, private, special, or enriched education for the child is appropriate, the court may award educational expenses. The non-custodial parent shall pay educational expenses, as awarded, in a manner determined by the court, including direct payment to the educational provider.”
The father consented to his son attending private school. This is an admission on his part that CBA was the best educational setting for his son. On the other hand, the parents’ agreement that the mother would pay for CBA is not relevant to the outcome of these objections. The reason that is so is because Family Court has no authority to enforce contracts (see Matter of Boden v Boden, 42 NY2d 210 [1977]; Matter of Brescia v Fitts, 56 NY2d 132 [1982]). If it could, it would be possible that the court would be asked to set aside the parents’ agreement beyond the first year because there was no agreement in writing required by the statute of frauds (General Obligations Law § 5-701). Or, perhaps, the mother would have argued that the father’s acquiescence to the child’s enrollment in the 7th grade at the private school might be deemed a renewal of the agreement for which the father is estopped from registering an objection. Because Family Court is a court of limited jurisdiction, it has no authority to rule on such issues. Its jurisdiction is limited, in this case, to applying Family Court Act § 413 (1) (c) (7) to the evidence. The interpretation of an oral contract between the parties or imposing equitable relief is beyond this court’s authority.
The Magistrate’s finding that the father should be responsible for his proportional share of the son’s private school expenses possesses a sound and substantial basis in the record. Part of the reason for the change in schools was that “the child had been diagnosed with an auditory processing disorder in 2009 . . . [and] has been suffering from a depression and other emotional difficulties which has required treatment with increasing dosages since 2009” (Magistrate’s findings of fact at 6). The Magistrate also found that since the child’s transfer to private school, he has been thriving and his emotional state has improved resulting in a decrease in his medication. It was also *206 established that the father’s income increased by 41% or $44,600 since the last support order, which was the judgment of divorce issued in 2007.
With respect to the tuition cost, the father would have a valid point if it was shown that the tuition at the selected school was disproportionate to the benefits supplied when compared with the child’s former public school or some other private school (see Matter of Cassano v Cassano, 203 AD2d 563, 564-565 [1994]). However, contrary to the father’s assertion, CBA is no where near the top of the list in private school tuitions in the Capital District (the court takes judicial notice of a survey on this subject in an October 2012 issue of Business Review). Tuitions in the Capital District for 2012-2013 range from about $4,500 to $29,000 per year. Indeed, the tuition that the parents are actually paying ($5,600) is in line with most parish elementary schools. Regardless of where the tuition falls in the realm of local private schools, the parents agreed to send their son to this particular school after they each had an opportunity to visit the school. Also, there is a year’s worth of academic performance to prove that the child is thriving there.
According to the record, the total tuition for the 2012-2013 school year is $8,600. The mother obtained financial aid for this school year of $3,000. $5,600 is the remaining balance due from the parents for this school year. The father’s share, as determined by the Support Magistrate, is $3,976. The language of Family Court Act § 413 (1) (c) (7) does not command any formula with respect to apportionment of private school tuition. However, the court sees no reason to deviate from the proportionate formula set forth in Family Court Act § 413 (1) (c) (5) (v) that governs reimbursement for uninsured health costs and day care.
The father could also make a plausible claim that the reference in Family Court Act § 413 (1) (c) (7) to a determination “as justice requires” would allow the court to take into account that the mother reneged on her agreement to pay for the total cost of tuition. However, the court does not read that phrase as a green light by the legislature for the Family Court to assume subject matter jurisdiction not specifically given to the court by positive law. Even if it could be read this way, the father’s consenting to allow his child to be enrolled in the selected school for two academic years would be a convincing counterweight to the argument suggested. The court will not disturb the determination that the father is responsible for paying his proportional *207 share of the tuition because the Magistrate’s findings support such a conclusion.
Based on the above, the father’s objection to the Support Magistrate’s modified support order issued on November 30, 2012, is denied. The father shall be responsible for paying 71% of his son’s tuition, fees and uniforms at CBA beginning with the 2012-2013 school year.

. The mother also sought an upward modification in child support based on changed circumstances but the Magistrate ruled against her on that issue and no objection was filed with respect to that ruling.

. The “special circumstances” test as originally set forth in the appellate case law has been replaced by a statutory provision but it is still a handy shorthand way to describe the evidentiary standard. (See Manno v Manno, 196 AD2d 488, 491 [1993].)