In related proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Dutchess County (Kaufman, S.M.), entered July 8, 2011, which, after a hearing, granted the mother’s petition for an upward modification of his child support obligation as set forth in an order of the same court dated January 31, 2005, (2) an order of the same court (Posner, J.), dated May 24, 2012, which denied his objections to the order entered July 8, 2011, (3) an order of the same court (Kaufman, S.M.), entered January 6, 2012, which, after a hearing, dismissed his petition for a downward modification of his child support obligation as set forth in the order dated January 31, 2005, (4) an order of the same court (Posner, J.), also dated May 24, 2012, which denied his objections to the order entered January 6, 2012, (5) an order of the same court (Kaufman, S.M.), dated January 12, 2012, which, after a hearing, granted the mother’s petition alleging that he was in willful violation of his child support obligation as set forth in the order dated January 31, 2005, and, inter alia, directed him to pay the mother’s counsel fees, and (6) an order of the same court (Posner, J.), also dated May 24, 2012, which, in effect, confirmed the finding of willfulness and denied his objections to the order dated January 12, 2012.
Ordered that the appeal from the orders entered July 8, 2011, and January 6, 2012, and the order dated January 12, 2012, are *1096 dismissed, without costs or disbursements, as those orders were superseded by the three orders dated May 24, 2012; and it is further,
Ordered that the three orders dated May 24, 2012, are affirmed, without costs or disbursements.
The mother filed a petition for an upward modification of the father’s child support obligation as set forth in an order dated January 31, 2005, entered on the parties’ consent, so as to require him to pay a pro rata share of their child’s college expenses. After a hearing, the Support Magistrate granted the petition. The Family Court denied the father’s objections to that order. “[T]he court may direct a parent to contribute to a child’s education, even in the absence of special circumstances or a voluntary agreement of the parties” (Matter of Holliday v Holliday, 35 AD3d 468, 469 [2006]; see Matter of Poznik v Froebel, 1 AD3d 366, 367 [2003]; Chan v Chan, 267 AD2d 413, 414 [1999]; Matter of McLoughlin v McLoughlin, 213 AD2d 650, 651 [1995]; Cohen v Cohen, 203 AD2d 411, 412 [1994]; cf. Manno v Manno, 196 AD2d 488, 491 [1993]). In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice (see Matter of Paccione v Paccione, 57 AD3d 900, 903-904 [2008]; Matter of Holliday v Holliday, 35 AD3d at 469; Chan v Chan, 267 AD2d at 414; Manno v Manno, 196 AD2d at 491).
We reject the father’s contention that the Family Court erred in directing him to pay 50% of the child’s college tuition as measured by tuition that would be charged for attendance at a SUNY school. The finding of the Support Magistrate that the father’s account of his income and claim that he could not afford to contribute toward the child’s college tuition was incredible, is supported by the record, and the Support Magistrate’s credibility determinations in this regard are entitled to considerable deference (see Matter of Musarra v Musarra, 28 AD3d 668, 669 [2006]).
Nor are we persuaded that the father’s petition for a downward modification of his child support obligation was improperly denied after a hearing. “To establish entitlement to a downward modification of a child support order entered on consent, a party has the burden of showing that there has been a substantial change in circumstances” (Matter of Ceballos v Castillo, 85 AD3d 1161, 1162 [2011]; see Matter of Getty v Getty, 83 AD3d 835 [2011]; Matter of Kasun v Peluso, 82 AD3d 769 [2011]; Matter of Jewett v Monfoletto, 72 AD3d 688 [2010]). A party who fails to credibly and clearly disclose his or her *1097 financial circumstances will be unable to establish that there has been a substantial change in circumstances warranting a downward modification of child support (see Matter of Moran v Moran, 56 AD3d 675 [2008]; Praeger v Praeger, 162 AD2d 671 [1990]). In light of the Support Magistrate’s finding, which is supported by the record, that the father’s evidence concerning his income lacked clarity and credibility, he failed to satisfy his burden of proving a substantial change in circumstances so as to warrant a downward modification (see Matter of Carr v Carr, 19 AD3d 839, 843 [2005]).
Finally, the Family Court properly, in effect, confirmed the Support Magistrate’s finding, made after a hearing, that the father was in willful violation of the child support order. There is a presumption that a parent has sufficient means to support his or her minor children (see Family Ct Act § 437). Here, the father’s undisputed failure to pay the ordered child support constituted prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]), which shifted the burden to him to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the order was not willful (see Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Rube v Tornheim, 67 AD3d 916 [2009]). The father failed to satisfy that burden and was, therefore, properly found to be in willful violation of the order, and also was properly directed to pay the mother’s counsel fees pursuant to Family Court Act § 438 (b). Angiolillo, J.E, Hall, Roman and Hinds-Radix, JJ., concur.