Matter of Messiana v Pena (2021 NY Slip Op 03841)





Matter of Messiana v Pena


2021 NY Slip Op 03841


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-05134
 (Docket No. F-14054-16)

[*1]In the Matter of Laura Messiana, respondent,
v
Thomas J. Pena, appellant.


Tammi D. Pere, Jamaica, NY, for appellant.
Gina-Marie Lobraico-Reitano, Staten Island, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated April 14, 2020. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (John M. Fasone, S.M.) dated December 9, 2019, as, after a hearing and upon findings of fact dated November 26, 2019, in effect, granted the mother's petition to modify a prior child support order so as to direct the father to pay a pro rata share of the college expenses for the parties' child and directed the father to pay arrears for those college expenses.
ORDERED that on the Court's own motion, the notice of appeal from the order dated December 9, 2019, is deemed to be a notice of appeal from the order dated April 14, 2020 (see CPLR 5512[a]); and it is further,
ORDERED that the order dated April 14, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The parties, who were never married to each other, have one child together, born in 1998. In an order dated September 21, 2004 (hereinafter the support order), the Family Court, upon the parties' consent, inter alia, directed the father to pay child support in the sum of $650 per month to the mother, who is the custodial parent. In July 2016, the mother filed the instant petition to modify the support order so as to direct the father to contribute to the child's expenses in a private college starting in August 2016. In an order dated December 9, 2019, made after a hearing, the Support Magistrate, among other things, in effect, granted the mother's petition and directed the father to pay a pro rata share of the child's college expenses and arrears for those college expenses. Thereafter, the father filed objections to that portion of the Support Magistrate's order. In an order dated April 14, 2020, the court, inter alia, denied those objections to the Support Magistrate's order. The father appeals.
"'Pursuant to Domestic Relations Law § 240(1-b)(c)(7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised in that [*2]regard'" (Pilkington v Pilkington, 185 AD3d 844, 846-847, quoting Chan v Chan, 267 AD2d 413, 414; see Manno v Manno, 196 AD2d 488, 491). "In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (Manno v Manno, 196 AD2d at 491; see Pilkington v Pilkington, 185 AD3d at 847; Chan v Chan, 267 AD2d at 414).
Here, the Family Court properly considered the aforementioned factors, and providently exercised its discretion in directing the father to pay a pro rata share of the child's college expenses (see Matter of Manfrede v Harris, 162 AD3d 1035, 1035; Matter of Rohme v Burns, 92 AD3d 946, 947; cf. Matter of Ocasio v Smith, 70 AD3d 952, 953).
The father's remaining contentions are either not properly before this Court or without merit.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court