Saks v Saks (2021 NY Slip Op 06383)





Saks v Saks


2021 NY Slip Op 06383


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2019-07743
2019-13210
 (Index No. 3793/14)

[*1]Scott Saks, respondent,
v
Victoria Rosman Saks, appellant.


Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge, Jo-Ann Cambareri, and Scott Stone of counsel), for appellant.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated June 8, 2017, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated May 28, 2019, and (2) an order of the same court dated September 24, 2019. The order dated May 28, 2019, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was to confirm so much of a referee's report dated February 20, 2019, as recommended that the plaintiff pay 70% and the defendant pay 30% of the college expenses of the parties' older child, and denied that branch of the defendant's cross motion which was to reject that portion of the referee's report. The order dated September 24, 2019, insofar as appealed from, denied the defendant's motion for leave to reargue her opposition to that branch of the plaintiff's motion which was to confirm so much of the referee's report as recommended that the plaintiff pay 70% and the defendant pay 30% of the college expenses of the parties' older child, and that branch of her cross motion which was to reject that portion of the referee's report.
ORDERED that the appeal from the order dated September 24, 2019, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated May 28, 2019, is reversed insofar as appealed from, on the facts and in the exercise of discretion, that branch of the plaintiff's motion which was to confirm so much of the referee's report as recommended that the plaintiff pay 70% and the defendant pay 30% of the college expenses of the parties' older child is denied, that branch of the defendant's cross motion which was to reject that portion of the referee's report is granted, and the plaintiff is directed to pay 80% of the college expenses of the parties' older child and the defendant is directed to pay 20% of those expenses; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The parties were married in 1996 and have two children together. In 2014, the plaintiff commenced an action for a divorce and ancillary relief. Thereafter, the parties resolved custody and parental access issues by means of a parenting agreement, and resolved financial issues, among other extant issues, by means of a settlement agreement. A judgment of divorce dated June 8, 2017, incorporated, but did not merge, the aforementioned agreements.
In the settlement agreement, the parties agreed to settle "[a]ll issues relating to college costs and expenses . . . on or before the end of the [first] quarter of [each] child's junior year." The parties were unable to reach an agreement with respect to their pro rata share of their older child's education expenses, among other issues. In a report dated February 20, 2019, a referee, upon review of the parties' submissions, recommended, inter alia, that the plaintiff be directed to pay 70% of the older child's college expenses, and the defendant be directed to pay 30% of those expenses. The plaintiff thereafter moved to confirm the referee's report, while the defendant cross-moved, among other things, to reject the portion of the report with respect to the apportionment of the parties' pro rata share of the older child's college expenses. In an order dated May 28, 2019, the Supreme Court, in effect, granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
The defendant's contention that income was improperly imputed to her is without merit. "A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (Castello v Castello, 144 AD3d 723, 725 [internal quotation marks omitted]; see Sutaria v. Sutaria, 123 AD3d 909, 910; Cusumano v Cusumano, 96 AD3d 988, 989). The court is "[a]fforded considerable discretion in determining whether to impute income to a [party]" (Castello v Castello, 144 AD3d at 725, quoting Matter of Kiernan v Martin, 108 AD3d 767, 768; see Kessler v Kessler, 118 AD3d 946, 948; Lago v Adrion, 93 AD3d 697, 699), and the court's credibility determinations will be accorded deference on appeal (see Matter of Kiernan v Martin, 108 AD3d at 768). Here, the referee, in effect, properly imputed income to the defendant based upon the defendant's education, work experience, and earning potential.
"'In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice'" (Pilkington v Pilkington, 185 AD3d 844, 847, quoting Manno v Manno, 196 AD2d 488, 491; see Corkery v Corkery, 142 AD3d 576, 577; Chan v Chan, 267 AD2d 413, 414). Upon consideration of the relevant factors, including the plaintiff's income, which far exceeds the defendant's income (see Matter of Niewiadomski v Jacoby, 61 AD3d 871, 872), imputed or otherwise, an appropriate apportionment of responsibility for the older child's college expenses is 80% to the plaintiff and 20% to the defendant.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court