Matter of Dana F. v Derek A. (2024 NY Slip Op 04808)

Matter of Dana F. v Derek A.

2024 NY Slip Op 04808

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Docket No. F-05504-04/21E Appeal No. 2695 Case No. 2023-01843 

[*1]In the Matter of Dana F., Petitioner-Respondent,
v
Derek A., Respondent-Appellant.

Albert Sklavos, P.C., Huntington (Steven Zalewski of counsel), for appellant.
Andrew J. Baer, New York, for respondent.

Order, Family Court, New York County (Hasa A. Kingo, J.), entered on or about March 2, 2023, which denied respondent father's objection to an order, same court (Amanda Norejko, Support Magistrate), entered on or about November 6, 2022, which, after a hearing on the mother's modification petition, ordered the father to contribute $4,000 per semester toward college tuition for the parties' older child, and pay $12,000 to cover the tuition for the 2021 through 2022 academic year and fall 2022 semester, unanimously modified, on the law and in the exercise of our discretion, to the extent of reducing the payment of the tuition arrears to $10,000 from $12,000, and otherwise affirmed, without costs.
Based on the limited record before us, it was not an improvident exercise of discretion for the Support Magistrate to direct the father to pay roughly 62% of the child's tuition expenses, net of scholarships, grants, and student loans (see Domestic Relations Law § 240[1—b][c][7]; Family Court Act § 413[1][c][7]; Matter of Messiana v Pena, 195 AD3d 849, 849-850 [2d Dept 2021]). The Support Magistrate's finding of the father's proper pro rata share was based on the father's demonstrated ability to pay in light of his payment for his own education in the amount of $8,000. The father does not seriously dispute that he has the ability to pay his pro rata share, and the record as a whole, while not entirely developed on this point, does support the conclusion that he is able to pay.
However, under the circumstances of this case, given the limited record on appeal, we modify the tuition award for the fall 2021 semester to $2,000 rather than $4,000 as a matter of discretion. The mother filed her petition for modification when the child was halfway through her first semester at university, and it is clear from the record that the mother was making tuition payments in accordance with a payment plan. Thus, the court's award of so much of the retroactive tuition as was paid before the date of the modification petition was improper (see Kent v Kent, 29 AD3d 123, 133 [1st Dept 2006]; Matter of Naylor v Galster, 48 AD3d 951, 953 [3d Dept 2008]; see generally Family Ct Act § 449[2]).
We have considered the father's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024