■ In the Matter of GHYSLAINE DE SOUZA, Respondent, v NICOLAS NIANDUILLET, Appellant. [978 NYS2d 52]—

In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an award of child support, Nicolas Nianduillet appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Shamahs, S.M.), dated September 26, 2012, as, upon a finding of paternity in an order of filiation of the same court dated September 28, 2011, and after review of his objections to a prior order of support of the same court dated July 10, 2012, made after a hearing, directed him to pay child support in the sum of $1,074 semimonthly and retroactive child support in the sum of $195 semimonthly.

Ordered that the order dated September 26, 2012, is affirmed insofar as appealed from, with costs.

The Child Support Standards Act (Domestic Relations Law § 240 [1-b]) "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (*Matter of Freeman v Freeman*, 71 AD3d 1143, 1144 [2010]; *see Holterman v Holterman*, 3 NY3d 1, 11 [2004]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]; *Matter of Byrne v Byrne*, 46 AD3d 812, 814 [2007]). Where combined parental income exceeds the statutory cap—in this case, $136,000 (*see* Social Services Law § 111-i [2] [b])— "the court, in fixing the basic child support obligation on income over the ceiling, has the discretion to apply the factors set forth in Family Court Act § 413 (1) (f), or to apply the statutory percentages, or to apply both" (*Matter of Freeman v Freeman*, 71 AD3d at 1144; *see Matter of Lynn v Kroenung*, 97 AD3d 822, 823 [2012]). However, there must be "some record articulation of the reasons for the court's choice . . . to facilitate . . . review" (*Matter of Cassano v Cassano*, 85 NY2d at 655; *Finke v Finke*, 15 AD3d 615, 618 [2005]). The court's decision " 'should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage' " (*McCoy v McCoy*, 107 AD3d 857, 858 [2013], quoting *Wagner v Dunetz*, 299 AD2d 347, 350-351 [2002]; *see Matter of Cassano v Cassano*, 85 NY2d at 655). "In addition to providing a record articulation for deviating or not deviating from the

statutory formula, a court must *relate* that record articulation to the statutory factors" (*Matter of Gluckman v Qua*, 253 AD2d 267, 270-271 [1999]; *see Moschetti v Moschetti*, 277 AD2d 838, 840 [2000]).

Here, while the support magistrate listed the statutory factors she considered, she did not expressly relate those factors to the record. However, the support magistrate's decision as a whole reflects that she thoroughly and carefully considered the parties' circumstances and that her determination to apply the statutory percentage to the combined parental income over $136,000 was not an improvident exercise of discretion (*see Bellinger v Bellinger*, 46 AD3d 1200, 1202 [2007]; *Smith v Smith*, 1 AD3d 870, 872 [2003]). Contrary to the father's contention, the support magistrate providently exercised her discretion in not deviating from the statutory formula with respect to the combined parental income over $136,000 although the father supports four children in addition to the subject child. Regardless of whether combined parental income is more or less than the statutory cap, "the court may, in its discretion, disregard the statutory formula where it would result in a child support obligation which is unjust and inappropriate" (*Matter of Byrne v Byrne*, 46 AD3d at 814; *see* Family Ct Act § 413 [1] [f], [g]; *Matter of Cassano v Cassano*, 85 NY2d at 654). Here, however, the father failed to demonstrate what resources were available to support his four other children, and, thus, failed to demonstrate that "the resources available to support such children are less than the resources available to support the [child who is] subject to the instant action" (Family Ct Act § 413 [1] [f] [8]; *see Matter of Hudgins v Blair*, 74 AD3d 1199, 1201 [2010]; *Matter of North Guilford County v Campbell*, 305 AD2d 686, 687 [2003]; *Matter of Calkins v Calkins*, 309 AD2d 991, 994 [2003]). Mastro, J.P., Lott, Austin and Roman, JJ., concur.