■ In the Matter of JOY WENDEL, Respondent, v JOHN E. NELSON, Appellant. (Proceeding No. 1.) In the Matter of JOHN E. NELSON, Appellant, v JOY WENDEL, Respondent. (Proceeding No. 2.) [983 NYS2d 878]—

In related child support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Kent, J.), dated January 31, 2013, which denied his objections to two orders of the same court (Cahn, S.M.), both dated September 4, 2012, which, after a hearing, dismissed his petition for a downward modification of his child support obligation, in effect, granted the mother's petition for an award of child support arrears, and directed the entry of a money judgment in favor of the mother and against him in the amount of $60,175.

Ordered that the order dated January 31, 2013, is affirmed, without costs or disbursements.

The Family Court did not err in denying the father's objections to the Support Magistrate's orders. The father failed to prove that the mother waived her right to child support, as he failed to proffer evidence of a voluntary and intentional relinquishment of that right by the mother (*see Matter of Hinck v Hinck*, 113 AD3d 681, 682-683 [2014]; *Matter of Tafuro v Tafuro*, 102 AD3d 877, 878 [2013]; *Stevens v Stevens*, 82 AD3d

873 [2011]). The mother did not waive her right to child support by accepting the child's Social Security benefits. A dependent child's Social Security benefits are designed to supplement existing resources and are not intended to displace the obligation of parents to support their children (*see Matter of Graby v Graby*, 87 NY2d 605, 611 [1996]; *Matter of Jones v Smith*, 59 AD3d 546, 547 [2009]). Although the father testified at a hearing that the mother expressly agreed, in 2006, to accept Social Security benefits in lieu of child support, the court credited the mother's testimony that she did not agree to waive child support in exchange for Social Security benefits, and there is no basis in the record to disturb the court's credibility determination (*see Matter of Anonymous*, 20 AD3d 562, 563 [2005]). The father did not adduce any other evidence to prove that the mother agreed to waive child support.

In the absence of an express waiver, a party seeking modification of a child support obligation is required to apply to the courts (*see Matter of Williams v Chapman*, 22 AD3d 1015, 1017 [2005]). The father here failed to move for modification of his support obligation until after arrears had already accrued, and did not show good cause for his failure to do so. Therefore, any modification or annulment of accrued child support arrears is prohibited (*see Matter of Dox v Tynon*, 90 NY2d 166, 175-176 [1997]). The Support Magistrate did not err in entering a money judgment against the father for support arrears.

The Support Magistrate also did not err in dismissing the father's modification petition, as he failed to establish that there was a substantial change in circumstances warranting a downward modification of his child support obligation (*see Matter of Anderson v Anderson*, 92 AD3d 779 [2012]; *Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]). Dickerson, J.P., Roman, Miller and LaSalle, JJ., concur.