■ In the Matter of WILLIAM C. HAMILTON, Appellant, v SHARON T. RICHARDS, Respondent. [989 NYS2d 99]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Kent, J.), dated August 29, 2013, which denied

his objections to an order of the same court (Bloom, S.M.) dated February 5, 2013, which, after a hearing, dismissed his petition for an upward modification of child support so as to obligate the mother to pay her pro rata share of the college tuition and orthodontic expenses of the subject children.

Ordered that the order dated August 29, 2013, is affirmed, without costs or disbursements.

The father is the custodial parent of the parties' seven children. In an order dated November 4, 2010, entered on the consent of the parties, the Family Court directed the mother to pay bi-weekly child support and to maintain health insurance coverage for the children, and directed the father to pay 100% of unreimbursed medical expenses for the children. This order made no provision for the division of college expenses for the children. Less than two years later, the father filed a petition seeking an upward modification of child support so as to obligate the mother to pay a pro rata share of the children's college tuition and orthodontic expenses. After a hearing, the Support Magistrate dismissed the petition. The Family Court subsequently denied the father's objections to that order.

Pursuant to Family Court Act § 413 (1) (c) (7), the court may direct a parent to contribute to a child's educational expenses, even in the absence of special circumstances or a voluntary agreement of the parties (see Matter of Rabasco v Lamar, 106 AD3d 1095, 1096 [2013]; Matter of Holliday v Holliday, 35 AD3d 468, 469 [2006]; Matter of Calvello v Calvello, 20 AD3d 525, 526-527 [2005]). "However, the court does not have unfettered discretion in awarding educational expenses . . . and must consider 'the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice' " (Matter of Calvello v Calvello, 20 AD3d at 527, quoting Manno v Manno, 196 AD2d 488, 491 [1993]; see Matter of Rabasco v Lamar, 106 AD3d at 1096).

Here, the father testified at the hearing that one of the children was enrolled in American InterContinental University, a private educational institution which offers degrees for online studies, and that a second child intended to enroll at that university. However, he offered no evidence that attending a private online university rather than a public university would be in the best interests of the children. The father also failed to establish that he had paid any tuition expenses to American InterContinental University on behalf of either child, what the actual cost of tuition would be, or whether the children were eligible for or had received any financial aid. Moreover, the record supports the Support Magistrate's determination that the

parties earn similar incomes which are barely sufficient to satisfy their basic living expenses. Under these circumstances, the Family Court properly denied the father's objections to the dismissal of that branch of his petition which was for an upward modification of child support so as to obligate the mother to pay a pro rata share of the children's college tuition (*see Matter of Calvello v Calvello*, 20 AD3d at 527).

The father also failed to sustain his burden of establishing that the anticipated cost of orthodontic treatment for three of the children constituted a substantial change in circumstances warranting an upward modification of child support (*see* Family Ct Act § 451 [2] [a]; *Matter of Radday v McLoughlin*, 106 AD3d 1015 [2013]; *Matter of Ngo v Quach*, 101 AD3d 1011 [2012]). The record supports the Support Magistrate's finding that the father failed to establish that the proposed orthodontic treatment was medically necessary. Further, documentary evidence submitted by the father indicated that a portion of the proposed orthodontic treatment would be covered by the children's health insurance, which is maintained by the mother. Accordingly, the Family Court properly denied the father's objection to the dismissal of that branch of his petition which was for an upward modification of child support so as to obligate the mother to pay a pro rata share of the children's orthodontic expenses. Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.