■ In the Matter of KAREN PITTMAN, Respondent, v VICTOR WILLIAMS, Appellant. [7 NYS3d 227]—

In a custody and child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings

County (Sweeting, Ct. Atty Ref.), dated May 1, 2013, as, after a hearing, granted the mother's petition to the extent of directing him to pay child support in the sum of $6,246 per month, child support arrears in the sum of $56,214, child care expenses in the sum of $291.60 per week, and his pro rata share of the child's tuition at the Brooklyn Waldorf School.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the father is directed to pay child care expenses in the sum of $191.25 per week, and to pay the child's tuition at the Brooklyn Waldorf School for as long as the child remains in preschool, and the matter is remitted to the Supreme Court, Kings County, for a new determination, with all convenient speed, of the amount of child support and the amount of child support arrears in accordance herewith; in the interim, the father shall pay child support in the sum of $6,246 per month pending the new determination.

The Child Support Standards Act (Domestic Relations Law § 240 [1-b]; Family Ct Act § 413) "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (*Matter of Freeman v Freeman*, 71 AD3d 1143, 1144 [2010]; *see Holterman v Holterman*, 3 NY3d 1, 11 [2004]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]; *Matter of De Souza v Nianduillet*, 112 AD3d 823 [2013]; *Matter of Byrne v Byrne*, 46 AD3d 812, 814 [2007]). Where combined parental income exceeds that "statutory cap" (*Matter of Parsick v Rubio*, 103 AD3d 898, 900 [2013])—in this case, $136,000 (*see* Social Services Law § 111-i [2] [b], [c])—"the court, in fixing the basic child support obligation on income over the ceiling, has the discretion to apply the factors set forth in Family Court Act § 413 (1) (f), or to apply the statutory percentages, or to apply both" (*Matter of Freeman v Freeman*, 71 AD3d at 1144; *see Matter of De Souza v Nianduillet*, 112 AD3d at 823; *Matter of Lynn v Kroenung*, 97 AD3d 822, 823 [2012]). However, there must be "some record articulation of the reasons for the court's choice . . . to facilitate . . . review" (*Matter of Cassano v Cassano*, 85 NY2d at 655; *Finke v Finke*, 15 AD3d 615, 618 [2005]). The court's decision " 'should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage' " (*McCoy v McCoy*, 107 AD3d 857, 858 [2013], quoting *Wagner v Dunetz*, 299 AD2d 347, 350-351 [2002]; *see Matter of Cassano v Cassano*, 85

NY2d at 655; *Matter of De Souza v Nianduillet*, 112 AD3d at 823). "In addition to providing a record articulation for deviating or not deviating from the statutory formula, a court must *relate* that record articulation to the statutory factors" (*Matter of Gluckman v Qua*, 253 AD2d 267, 270-271 [1999]; *see Matter of De Souza v Nianduillet*, 112 AD3d at 823; *Moschetti v Moschetti*, 277 AD2d 838, 840 [2000]).

For the purposes of making a child support award, the Supreme Court properly determined that the parties' combined parental income was $489,937, based on the parties' earnings in 2012, and that the father had earned 90% of that sum. However, in determining the amount of child support, the court failed to articulate its reasons for applying the statutory percentage of 17% to the combined parental income over the statutory cap of $136,000. Therefore, the matter must be remitted to the Supreme Court, Kings County, for a new determination in this regard, and the Supreme Court must articulate its reasons for the new determination.

Pursuant to Family Court Act § 413 (1) (c) (4), "where the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated [and] [e]ach parent's pro rata share of the child care expenses shall be separately stated and added" to the parent's basic child support obligation (*see Matter of Scarduzio v Ryan*, 86 AD3d 573, 574 [2011]). Here, the Supreme Court properly determined that the mother incurred $425 in child care expenses each week. However, the court erred in calculating the amount of child care expenses to be paid by the father. Since the child care provider cared for both the subject child, as well as the mother's son from a previous relationship, the child care expenses should be divided equally between the two children. Consequently, the cost of caring for the subject child is $212.50 per week, and the father's pro rata share of the child care expenses is $191.25 per week.

Pursuant to Family Court Act § 413 (1) (c) (7), the court may direct a parent to contribute to a child's educational expenses, even in the absence of special circumstances or a voluntary agreement of the parties (*see Matter of Hamilton v Richards*, 119 AD3d 573, 574 [2014]; *Matter of Rabasco v Lamar*, 106 AD3d 1095, 1096 [2013]). However, a court does not have unfettered discretion in making such an award (*see Saslow v Saslow*, 305 AD2d 487, 488 [2003]). "In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties,

the best interests of the children, and the requirements of justice" (*Manno v Manno*, 196 AD2d 488, 491 [1993]; *see Chan v Chan*, 267 AD2d 413, 414 [1999]; *Matter of Cassano v Cassano*, 203 AD2d 563, 564 [1994], *affd* 85 NY2d 649 [1995]). "One of the factors which must be considered in a case of this nature is whether, and to what extent, there exists a real difference in quality between the education furnished by the public schools, on the one hand, and that which is available at the private school which the child in question attends or plans to attend, on the other" (*Matter of Cassano v Cassano*, 203 AD2d at 564-565).

Here, the evidence established that attendance at the Brooklyn Waldorf School was the best option for the child when she was in preschool. However, there is no evidence in the record to suggest that, upon the conclusion of the preschool period, the education provided by the public schools will be inferior to that provided by the Brooklyn Waldorf School. Consequently, absent proof that it would be in child's best interests to continue attending the Brooklyn Waldorf School, the father should not be responsible for paying her tuition once she is old enough to enter the public school system.

The father's remaining contention is without merit. Balkin, J.P., Roman, Cohen and Barros, JJ., concur.