Corkery v Corkery (2016 NY Slip Op 05787)





Corkery v Corkery


2016 NY Slip Op 05787


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
THOMAS A. DICKERSON
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2015-10679
 (Index No. 4793/13)

[*1]Robert T. Corkery, appellant, 
v
Kristen M. Corkery, respondent.


Serino MacKay & Berube, PLLC, Poughkeepsie, NY (Sarah E. Kelland and Kevin M. MacKay of counsel), for appellant.
Gary E. Lane, Poughkeepsie, NY, for respondent.



DECISION & ORDER
Appeal by the plaintiff from a judgment of divorce of the Supreme Court, Dutchess County (James D. Pagones, J.), dated August 18, 2015. The appeal, as limited by the brief, is from so much of the judgment as, upon an order of that court dated March 3, 2015, in effect, directed the plaintiff to pay 51% of the private school expenses for the subject children.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The parties are the parents of two minor children, who were enrolled by their parents in a certain parochial school during the marriage. In 2013, the plaintiff commenced this action for a divorce and ancillary relief. As relevant to this appeal, pursuant to an order of custody and visitation on consent dated June 20, 2014 (hereinafter the order of custody and visitation), the parties expressly agreed that it was "their desire that the minor children shall attend parochial school." However, in the order of custody and visitation, the parties also expressly noted that "the expression of this intention is on a without prejudice basis to the [plaintiff] and said intention is not an agreement on behalf of the [plaintiff] to be responsible for the cost of said parochial school education."
The parties thereafter entered into a stipulation of settlement dated December 9, 2014, resolving almost all of the issues regarding, inter alia, custody, child support, and equitable distribution. In their stipulation of settlement, the parties expressly agreed to submit to the Supreme Court the issue of whether the plaintiff would be required to contribute any money toward the children's private school expenses and, if so, what amount he would be required to pay. Thereafter, the parties each submitted to the court an affidavit and a memorandum of law on the issue. In an order dated March 3, 2015, the court determined that, considering the best interests of the children and the requirements of justice, the children should remain enrolled in the subject parochial school, and directed the plaintiff to pay 51% of the children's private school expenses. The judgment of divorce dated August 18, 2015, was entered upon the March 31, 2015, order. The plaintiff appeals.
"Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised in that [*2]regard. In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice'" (Chan v Chan, 267 AD2d 413, 414 [citations omitted], quoting Manno v Manno, 196 AD2d 488, 491; accord Matter of Amos-Richburg v Richburg, 94 AD3d 1112, 1113).
Given the circumstances of this case and these parties, the Supreme Court did not improvidently exercise its discretion in directing the plaintiff to pay 51% of the children's private school expenses (see Matter of Macari v Marichal, 83 AD3d 942, 943; Marin v Marin, 283 AD2d 615; Chan v Chan, 267 AD2d at 414; Valente v Valente, 114 AD2d 951, 951; see also Matter of Amos-Richburg v Richburg, 94 AD3d at 1113). During the marriage, the parties agreed to enroll the children in the subject parochial school, the children had, in fact, been enrolled in the school during the marriage, and the parties stipulated during the divorce action that they desired that the children "shall" attend parochial school. The record supports the court's determination that the children are flourishing at the school, both socially and academically. The record also supports the court's conclusion that the plaintiff failed to show that paying 51% of the private school expenses would prevent him from supporting himself and maintaining a separate household (see Matter of Rabasco v Lamar, 106 AD3d 1095, 1096; Matter of Durso v Durso, 68 AD3d 1107, 1109).
The plaintiff's remaining contentions are without merit.
Accordingly, there is no basis to disturb the Supreme Court's determination that the plaintiff pay 51% of the children's private school expenses.
CHAMBERS, J.P., DICKERSON, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court