■ In the Matter of Dianne C. Ludewig, Respondent, v Wayne Ludewig, Appellant. [56 NYS3d 235]—

Appeals by the father from (1) an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated April 19, 2016, (2) an order of that court dated June 15, 2016, and (3) an order of that court dated September 16, 2016. The order dated April 19, 2016, insofar as appealed from, (a) denied the father's objections to so much of an order of that court (Elizabeth A. Bloom, S.M.), dated November 24, 2015, as, after a hearing, granted those branches of the mother's petition which were for reimbursement of 50% of orthodontic and camp expenses for the parties' children, and (b) granted the father's objections to so much of that order as reduced the mother's share of his disability pension for the period beginning May 31, 2006, and

ending April 30, 2008, from 100% of $13,571.36 to 25% of that sum. The order dated June 15, 2016, denied the father's objections to an order of that court dated May 4, 2016, which determined that he was obligated to pay the mother the sum of $3,392.84 in connection with his disability pension for the period beginning May 31, 2006, and ending April 30, 2008. The order dated September 16, 2016, denied the father's objections to an order of that court dated June 24, 2016, which granted the mother's motion for counsel fees to the extent of awarding her the sum of $10,000.

Ordered that the order dated April 19, 2016, is modified, on the law, by deleting the provision thereof granting the father's objections to the order dated November 24, 2015, to the limited extent of reducing the mother's share of the father's disability pension for the period beginning May 31, 2006, and ending April 30, 2008, from 100% of $13,571.36 to 25% of that sum, and substituting therefor a provision granting those objections and awarding the mother the sum of $550 for that period; as so modified, the order dated April 19, 2016, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 15, 2016, is reversed, on the law, without costs or disbursements, the father's objections to the order dated May 4, 2016, which determined that the father was obligated to pay the mother the sum of $3,392.84 in connection with his disability pension for the period beginning May 31, 2006, and ending April 30, 2008, are granted; and it is further,

Ordered that the order dated September 16, 2016, is affirmed, without costs or disbursements.

The parties were married in 1995 and have two children together. They entered into a stipulation of settlement on May 5, 2006 (hereinafter the stipulation), and were divorced on August 15, 2006. Insofar as relevant to these appeals, the stipulation provided that the father was entitled to receive $4,285 per month from a disability pension, amounting to 53.14% of the total combined parental income. His monthly child support obligation, which was based on the foregoing numbers, was $1,071.25. Article XVIII of the stipulation provided, in relevant part, that "[t]he [father's] child support obligation shall be increased by 25% of any increases he receives to his current monthly disability payment of $4,285."

The father alleges, and the mother does not dispute, that he paid the monthly child support amount called for under the stipulation between May 31, 2006 (the date on which his child

support obligations took effect), and April 30, 2008. During that period, however, the father was in fact receiving only $3,785 per month instead of $4,285, pending the determination of his final pension amount by his former employer.

In May 2008, the father was informed that his final pension calculation resulted in a net monthly amount of $4,380, i.e., $95 more per month than the amount stated in the stipulation. As a result, he received a lump sum payment, which included amounts previously withheld from him (i.e., the difference between $4,285 per month and $3,785 per month), as well as the retroactive payment of the $95 monthly increase. It is undisputed that the prorated portion of the lump sum payment corresponding to the 701-day period between May 31, 2006, and April 30, 2008, was $13,571.36.

In June 2014, the mother filed a petition seeking, inter alia, a portion of the lump sum payment received by the father in May 2008. By order dated November 24, 2015, the Support Magistrate, after a hearing, awarded the mother the entire sum of $13,571.36. The father objected, contending that the mother was entitled only to a small fraction of that amount, corresponding to 25% of the $95 retroactive monthly increase in the father's pension over the 701-day reference period, or approximately $550 in total. By order dated April 19, 2016, the Family Court granted the father's objections only to the extent of stating that the Support Magistrate erred in awarding the mother $13,571.36, and determined that the mother should instead receive 25% of $13,571.36, or $3,392.84. The matter was then remitted to the Support Magistrate, who entered a new order on May 4, 2016, awarding the mother the sum of $3,392.84. The father again filed objections, which were denied by the Family Court on June 15, 2016.

We agree with the father's contention that the mother was not entitled to 25% of $13,571.36. As stated in the stipulation, the mother was entitled only to "25% of any increases [the father] receives to his current monthly disability payment of $4,285." The evidence adduced at the hearing shows that the only increase to the $4,285 amount used as the basis for calculating the father's share of child support was a retroactive increase of $95 per month, which was paid as part of the lump sum the father received in May 2008. The mother was entitled to 25% of that increase, which amounts to approximately $550 over the 701-day reference period.

In her petition, the mother also sought reimbursement of one-half of orthodontic and day camp expenses incurred on behalf of the subject children. The Family Court did not err in

awarding the mother $1,000 for the orthodontic treatment received by the parties' youngest child, as well as $275 for the day camp fees for the parties' children. The stipulation provided that the father was obligated to provide 50% of the payment for the children's dental treatment and day camp fees. We decline to disturb the court's finding that it was reasonable for the mother to unilaterally acquire orthodontic treatment in light of the father's failure to respond to her attempts to consult with him regarding the youngest child's orthodontic care (*cf. Matter of Parker v Parker*, 74 AD3d 1076, 1077 [2010]).

On January 4, 2016, the mother moved for an award of counsel fees. By order dated June 24, 2016, the Family Court granted the mother's motion to the extent of awarding her the sum of $10,000. By order dated September 16, 2016, the court denied the father's objections to the award of counsel fees. "In exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions, as well as the tactics of a party in unnecessarily prolonging the litigation" (*Franco v Franco*, 97 AD3d 785, 786-787 [2012]). Under the circumstances of this case, the court providently exercised its discretion in awarding counsel fees to the mother in the sum of $10,000 (*see Franco v Franco*, 97 AD3d at 786-787; *D'Anna v D'Anna*, 17 AD3d 400, 402 [2005]; *Lazansky v Lazansky*, 148 AD2d 501, 503 [1989]). Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.