Appeal from a judgment of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated January 7, 2016. The judgment, upon a corrected decision dated March 17, 2015, made after a nonjury trial, insofar as appealed from, awarded residential custody of the parties’ children to the mother.
 

 Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the father is awarded residential custody of the parties’ children, and the matter is remitted to the Supreme Court, Rockland County, for a determination of an appropriate parenting schedule and the entry of an amended judgment thereafter.
 

 The parties were married in 2005, and are the parents of two children, born in 2008 and 2010, respectively. In December 2012, the father commenced this action for divorce. After an extensive trial that included the testimony of both parents, the paternal grandmother, and a court-appointed forensic evaluator, the Supreme Court, in a judgment dated January 7, 2016, entered upon a corrected decision dated March 17, 2015, inter alia, awarded residential custody of the children to the mother. The father appeals.
 

 “ ‘The court’s paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child’ ” (Matter of Gooler v Gooler, 107 AD3d 712, 712 [2013], quoting Matter of Julie v Wills, 73 AD3d 777, 777 [2010]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). In making an initial child custody determination, the court must consider, among other things, “(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent’s relative fitness, including his or her ability to guide the child, provide for the child’s overall well being, and foster the child’s relationship with the noncustodial parent; and (5) the child’s desires” (Matter of Supangkat v Torres, 101 AD3d 889, 890 [2012]). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court’s findings in this regard (see Matter of Gooler v Gooler, 107 AD3d at 712). “However, an appellate court would be seriously remiss if, simply in deference to the finding of a trial court judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record” (Matter of Scully v Lent, 152 AD3d 700, 701 [2017]).
 

 Here, the Supreme Court’s determination awarding residential custody of the parties’ children to the mother lacked a sound and substantial basis in the record. While the record showed that the father denigrated the mother on more than one occasion by calling her derogatory names, the mother struck the father on more than one occasion in the presence of the children. In addition, the mother described the father as being a pedophile toward their daughter, a word she used at separate times in reports to the police and in an interview with the court-appointed forensic evaluator. Since both the police and the evaluator are mandatory reporters, Child Protective Services was contacted. There is no evidence in the record that the father engaged in any pedophilic or similar conduct toward the daughter. While the mother backtracked from her use of that term when pressed for details by the forensic evaluator, her words were so reckless that they are relevant to a custody determination. Indeed, a parent’s false accusation of sexual abuse by the other parent constitutes conduct so inconsistent with the best interests of the child as to per se raise a strong probability that the parent is unfit to act as a custodial parent (see Matter of Honeywell v Honeywell, 39 AD3d 857, 858 [2007]; Matter of Amanda B. v Anthony B., 13 AD3d 1126, 1127 [2004]). The court, by minimizing the mother’s pattern of mentioning pedophilia to others, did not recognize that the mother’s allegations in this regard were consistent with other evidence in the record that she placed her own interests ahead of the best interests of the children.
 

 Dillon, J.P., Duffy, Connolly and Christopher, JJ., concur.