Pilkington v Pilkington (2020 NY Slip Op 03931)





Pilkington v Pilkington


2020 NY Slip Op 03931


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-02011
 (Index No. 200512/13)

[*1]John Pilkington, appellant-respondent,
v
Elizabeth Pilkington, respondent-appellant.


Gail M. Blasie, P.C., Garden City, NY, for appellant-respondent.
The Virdone Law Firm, P.C., Westbury, NY (John Virdone of counsel), for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals, and the defendant cross-appeals, from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered December 6, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated June 20, 2016, made upon submissions in lieu of trial, awarded the defendant child support based on the imputation of an annual income of $85,000 to the plaintiff and an annual income of only $25,000 to the defendant. The judgment of divorce, insofar as cross-appealed from, inter alia, (1) awarded the defendant child support based on the imputation of an annual income of only $85,000 to the plaintiff and an annual income of $25,000 to the defendant, (2) failed to require the plaintiff to pay maintenance, (3) failed to require the plaintiff to pay his pro rata share of the parties' children's private school tuition, (4) denied the defendant's application for an award of counsel fees, and (5) failed to require the plaintiff to maintain life insurance for the benefit of the parties' children.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the defendant child support in the sum of $1,770 per month, (2) by adding thereto a provision requiring the plaintiff to maintain a life insurance policy naming the parties' children as beneficiaries for as long as the plaintiff is obligated to pay child support, and (3) by deleting the provision thereof not awarding counsel fees; as so modified, the judgment of divorce is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and for the entry of an appropriate amended judgment of divorce thereafter. Pending the entry of an amended judgment, the plaintiff shall continue to make child support payments in the amount of $812.19 per month payable through the Support Collection Unit pursuant to a temporary order of child support dated April 4, 2014.
The parties were married in 2003 and have two children, born in 2006 and 2007, respectively. In 2013, the plaintiff commenced this action for a divorce and ancillary relief. After the parties stipulated to the terms of custody and parental access, they agreed to have the Supreme Court decide the "financial, property and employment matters" based on their submissions in lieu of a trial. In a judgment of divorce, entered December 6, 2016, upon the court's decision dated June 20, 2016, the court, inter alia, awarded the defendant child support in the amount of $1,770 per month. The plaintiff appeals and the defendant cross-appeals.
A court has broad discretion to impute income when determining the amount of child support and is not bound by the parties' representations of their finances (see Nerayoff v Rokhsar, 168 AD3d 1071, 1077; Steinberg v Steinberg, 59 AD3d 702, 705). "The court may impute income based on the parent's employment history, future earning capacity, educational background, or money received from friends and relatives" (Ramdas v Ramdas, 176 AD3d 988, 988-989). However, the court must provide a clear record of the source of the imputed income, the reasons for such imputation, and the resultant calculations (see Muldowney-Walsh v Desroches, 167 AD3d 1022, 1024; Rosenberg v Rosenberg, 44 AD3d 1022, 1025).
Here, we agree with the Supreme Court's determination to impute income to the plaintiff based, in part, on contributions he received from his fiancée, but the amount imputed is not supported by the record (see Matter of Ambrose v Felice, 45 AD3d 581, 583; see also Matter of Davidson v McLoughlin, 128 AD3d 960, 961). We also agree with the court's determination to impute income to the plaintiff based on income he receives from performing side jobs. Based upon the defendant's skills and employment experience, and contributions from her family, the court improvidently exercised its discretion in imputing to her an annual income of only $25,000 (cf. Nerayoff v Rokhsar, 168 AD3d at 1077). Since the documents submitted by the parties were inadequate to determine the contributions from the plaintiff's fiancée and the average income earned by the plaintiff from performing side jobs, and the parties were not afforded the opportunity to submit further documents, the matter must be remitted to the Supreme Court, Nassau County, to hold a hearing on the issue of how much income should be imputed to each party, and the calculation of a new child support obligation thereafter (see Matter of Vilmont v Vilmont, 173 AD3d 877, 878-879; Murphy v Murphy, 166 AD3d 987, 989-990).
"Pursuant to Domestic Relations Law § 240(1-b)(c)(7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised in that regard" (Chan v Chan, 267 AD2d 413, 414; see Corkery v Corkery, 142 AD3d 576, 577; Manno v Manno, 196 AD2d 488, 491). "In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (Manno v Manno, 196 AD2d at 491; see Corkery v Corkery, 142 AD3d at 577; Chan v Chan, 267 AD2d at 414). Here, we find that the Supreme Court providently exercised its discretion in not requiring the plaintiff to pay a pro rata share of the parties' children's private school tuition. The defendant failed to submit evidence to establish that the education provided by the public schools in Florida would be inferior to that provided by Hillel Day School of Boca Raton, a private religious school (see Matter of Pittman v Williams, 127 AD3d 755, 758; Matter of Cassano v Cassano, 203 AD2d 563, 565, affd on other grounds 85 NY2d 649, 651), or that the needs of either child would be better served by their attendance at a private religious school (see Lueker v Lueker, 132 AD3d 739, 741). Considering the relevant factors, including the circumstances of this case, those of the parties, and the best interests of the children, the record does not support the conclusion that either the circumstances of the parties or the best interests of the children warrant the need for them to attend a private religious school (see Lueker v Lueker, 132 AD3d at 741; Elimelech v Elimelech, 58 AD3d 672, 673-674).
Where the parties have not stipulated that the issue of counsel fees can be decided on submissions alone, an evidentiary hearing must be held on this issue (see Tenaglia v Tenaglia, 134 AD3d 801, 803; Pfluger v Pfluger, 35 AD3d 828, 828; see also Matter of Yu Wei v Mathews, 165 AD3d 957, 958-959). Here, the parties' stipulation provided only that the court could render a decision on issues pertaining to "their financial, property and employment matters" upon the submission of documents in lieu of a trial. Since the parties did not stipulate that the issue of counsel fees could be decided based on submissions in lieu of a hearing, a hearing on this issue is required.
In the event that a parent who is obligated to pay child support dies, his or her obligation to pay such support would terminate upon his or her death (see DiLascio v DiLascio, 170 AD3d 804, 808-809). Such termination may cause "financial injury to . . . [the] children who, but for the [parent's] death, would have continued to receive . . . child support" (DiLascio v DiLascio, 170 AD3d at 809). Consequently, the court is authorized to require that life insurance is maintained by that parent to prevent such financial injury (see Domestic Relations Law § 236[B][8][a]). Here, [*2]the Supreme Court should have directed the plaintiff to maintain life insurance in the defendant's favor to secure his child support obligation (see Domestic Relations Law § 236[B][8][a]; DiLascio v DiLascio, 170 AD3d at 809).
Accordingly, we remit the matter to the Supreme Court, Nassau County, to hold a hearing on the issue of how much income should be imputed to each party, and the calculation of a new child support obligation thereafter, a hearing to determine the amount of reasonable counsel fees, if any, and to determine an appropriate amount of life insurance with death benefits adequate to secure the payment of child support for as long as the plaintiff is obligated to pay child support.
The parties' remaining contentions are without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court