Abayomi v Guevara (2023 NY Slip Op 01880)

Abayomi v Guevara

2023 NY Slip Op 01880

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2021-01241
 (Index No. 50621/15)

[*1]Kobi Abayomi, appellant,
v
Vivianne Guevara, respondent.

Bryant & Bleier, LLP, New York, NY (Anne Peyton Bryant of counsel), for appellant.
Vivianne Guevara, Brooklyn, NY, respondent pro se.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated May 25, 2017, the plaintiff appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated January 21, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to modify a provision of the judgment of divorce directing him to continue to pay the defendant child support in the amount of $1,500 per month pursuant to the terms of an order of the Family Court, Kings County, dated October 7, 2013, and, sua sponte, directed the plaintiff to pay 100% of the subject child's private school tuition.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated January 21, 2021, as, sua sponte, directed the plaintiff to pay 100% of the subject child's private school tuition is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated January 21, 2021, is affirmed insofar as appealed from, with costs.
The parties, who have one child together, were divorced by a judgment dated May 25, 2017. A provision of the judgment of divorce directed the plaintiff to continue to pay the defendant child support in the amount of $1,500 per month pursuant to the terms of an order of the Family Court, Kings County, dated October 7, 2013, issued on consent of the parties (hereinafter the order of support).
In this post-judgment matter, the plaintiff moved, inter alia, to modify the judgment of divorce so as to permit him to pay a portion of his child support obligation directly to the private school in which the child had been enrolled to cover his share of the tuition payment. There are no provisions in the order of support pertaining specifically to educational expenses or apportioning responsibility for that add-on expense between the parties. In an order dated January 21, 2021, the Supreme Court, among other things, denied that branch of his motion and, sua sponte, directed the plaintiff to pay 100% of the child's tuition. The plaintiff appeals.
The plaintiff contends that the Supreme Court improvidently exercised its discretion by requiring him to pay 100% of the child's tuition. "A court may direct a parent to contribute to a child's educational expenses, even in the absence of special circumstances or a voluntary agreement of the parties" (Sinnott v Sinnott, 194 AD3d 868, 876-877; see Pilkington v Pilkington, 185 AD3d 844, 846-847; Corkery v Corkery, 142 AD3d 576, 577; Matter of Amos-Richburg v Richburg, 94 AD3d 1112, 1113; Chan v Chan, 267 AD2d 413, 414). "'However, a court does not have unfettered discretion in making such an award'" (Sinnott v Sinnott, 194 AD3d at 877, quoting Matter of Pittman v Williams, 127 AD3d 755, 757). "In determining whether to award educational expenses, a court must consider the circumstances of the case, the circumstances of the respective . . . parties, the best interests of the children, and the requirements of justice" (Matter of Weissbach v Weissbach, 169 AD3d 702, 704 [internal quotation marks omitted]; see Domestic Relations Law § 240[1-b][c][7]).
Here, the evidence demonstrated that the plaintiff made the decision that the child should be enrolled in a particular private school, he commenced the application procedures for that school, and when he sought the defendant's cooperation in the process, he advised the defendant in an email that he would be "willing to cover the entire cost of [the child's] education" if the child attended that school. Further, the plaintiff does not contend that he is unable to support himself and pay 100% of the child's tuition. Under the circumstances, the Supreme Court providently exercised its discretion in directing the plaintiff to pay 100% of the child's tuition (see Sinnott v Sinnott, 194 AD3d at 877; Matter of Weissbach v Weissbach, 169 AD3d at 704).
The plaintiff's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court