Joseph P. A. v Martha A. (2025 NY Slip Op 02562)

Joseph P. A. v Martha A.

2025 NY Slip Op 02562

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2023-07753
 (Index No. 606756/20)

[*1]Joseph P. A. (Anonymous), Jr., respondent,
v
Martha A. (Anonymous), defendant; Jonathan A. (Anonymous), et al., nonparty-appellants.

Warren S. Hecht, Forest Hills, NY, attorney for the children, the nonparty-appellants.

DECISION & ORDER
In an action for a divorce and ancillary relief, the nonparty children appeal from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated August 7, 2023. The order, insofar as appealed from, made after a nonjury trial, awarded sole legal and residential custody of the children to the plaintiff.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the defendant is awarded sole legal and residential custody of the parties' children, and the matter is remitted to the Supreme Court, Suffolk County, to establish an appropriate parental access schedule for the plaintiff.
The parties were married in July 2006 and are the parents of two children, born in 2008 and 2010, respectively. In 2020, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial, in an order dated August 7, 2023, the Supreme Court, inter alia, awarded sole legal and residential custody of the children to the plaintiff. The children appeal.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Julie v Wills, 73 AD3d 777; see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining an initial petition for child custody, the totality of the circumstances, includes, but is not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Navarro v Clarke, 232 AD3d 797, 798 [internal quotation marks omitted]; see Matter of Supangkat v Torres, 101 AD3d 889, 890). "Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard" (Altieri v Altieri, 156 AD3d 667, 668; see Matter of Gooler v Gooler, 107 AD3d 712). "However, an appellate court would be seriously remiss if, simply in deference to the finding of a trial judge, it allowed a custody determination to stand where it lacked a sound and substantial basis in the record" (Matter of Tofalli [*2]v Sarrett, 150 AD3d 1122, 1124 [internal quotation marks omitted]; see Altieri v Altieri, 156 AD3d at 668).
Here, the Supreme Court's determination to award sole legal and residential custody of the children to the plaintiff lacks a sound and substantial basis in the record. The plaintiff, who resides in Florida, represented during the proceedings that he was not seeking residential custody of the children. Moreover, while strict application of the factors relevant to relocation petitions (see Matter of Tropea v Tropea, 87 NY2d 727) is not required in the context of an initial custody determination, the record does not indicate the court fully considered the impact of moving the children away from the defendant, and the only home they have known, to live with the plaintiff in Florida (see Matter of Sims v Boykin, 130 AD3d 835, 836). In addition, under the circumstances presented, the court failed to give sufficient weight to the expressed preference of the children, who were 12 and 15 years old, respectively, as of the conclusion of the trial, to reside with the defendant (see Matter of Morgan v Eckles, 214 AD3d 983, 986; Matter of Nevarez v Pina, 154 AD3d 854, 856).
Viewing the totality of the circumstances, the best interests of the children would be served by awarding the defendant sole legal and residential custody of the children. Accordingly, we remit the matter to the Supreme Court, Suffolk County, to establish an appropriate parental access schedule for the plaintiff.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court