Maliah-Dupass v Dupass (2025 NY Slip Op 03801)

Maliah-Dupass v Dupass

2025 NY Slip Op 03801

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2023-09775
 (Index No. 712349/22)

[*1]Sian Maliah-Dupass, respondent,
v
Jahiz N. Dupass, appellant.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.
Tammi D. Pere, Jamaica, NY, attorney for the children.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Queens County (Anna Culley, J.), entered October 3, 2023. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated April 22, 2022, made after a nonjury trial, (1) awarded sole legal custody of the parties' two younger children to the plaintiff, (2) awarded the plaintiff a portion of the defendant's accidental disability retirement pension, (3) failed to direct the plaintiff to pay certain add-on expenses, (4) failed to award the defendant a credit representing half of social security disability payments made to the plaintiff on behalf of the parties' children, (5) failed to award the defendant 35% of the value of the plaintiff's dental hygienist license, and (6) failed to award the defendant a credit for overpayment of child support and maintenance.
ORDERED that the appeal from so much of the judgment of divorce as awarded sole legal custody of the parties' son born in 2007 to the plaintiff is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as reviewed, without costs or disbursements.
The parties were married in January 2002 and have three children: two sons born in 2003 and 2007, and a daughter born in 2009. During the course of the marriage, the plaintiff earned a degree in dental hygiene. In April 2012, the plaintiff commenced this action for a divorce and ancillary relief. From May 2018 through November 2019, the Supreme Court conducted a nonjury trial, inter alia, on the issues of custody, maintenance, child support, and equitable distribution. Following the trial, the court, upon a decision dated April 22, 2022, entered a judgment of divorce on October 3, 2023. The judgment of divorce, among other things, (1) awarded the plaintiff sole legal custody of the parties' two younger children, (2) awarded the plaintiff a portion of the defendant's accidental disability retirement pension, (3) failed to direct the plaintiff to pay add-on expenses for the children's education and orthodontia, (4) failed to award the defendant a credit representing half of social security disability payments made to the plaintiff on behalf of the children, (5) failed to award the defendant 35% of the value of the plaintiff's dental hygienist license, and (6) failed to award the defendant a credit for overpayment of maintenance and child support. The defendant appeals.
Initially, the appeal from so much of the judgment of divorce as awarded sole legal custody of the parties' younger son to the plaintiff must be dismissed as academic, as the parties' younger son has attained the age of majority and can no longer be the subject of a custody or parental access order (see Domestic Relations Law § 2; Matter of Licata v Kaplan, 230 AD3d 1316, 1316).
"'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Joseph P.A. v Martha A., 237 AD3d 1146, 1147, quoting Matter of Julie v Wills, 73 AD3d 777, 777; see Eschbach v Eschbach, 56 NY2d 167, 171). In determining the best interests of the child, a court must consider "the totality of the circumstances, [which] includes, but is not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Joseph P.A. v Martha A., 237 AD3d at 1147 [internal quotation marks omitted]; see Matter of McPherson v McPherson, 139 AD3d 953, 954). "Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard" (Altieri v Altieri, 156 AD3d 667, 668; see Joseph P.A. v Martha A., 237 AD3d at 1147). "[S]uch determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Badal v Wilkinson, 234 AD3d 684, 684; see Cicale v Cicale, 231 AD3d 705, 706).
Here, the Supreme Court's determination awarding sole legal custody of the parties' daughter to the plaintiff has a sound and substantial basis in the record. The record supports the court's determination that the plaintiff was the daughter's primary caretaker (see Matter of Herrar v Ratley, 234 AD3d 688, 689). Moreover, the record shows that the plaintiff is the parent more likely to provide the other parent with information regarding the daughter and more likely to foster the other parent's relationship with the daughter (see Matter of Acevedo v Cassidy, 236 AD3d 645, 647). Finally, the teenaged daughter's express wish to maintain the arrangement directed by the court is entitled to great weight (see Matter of Dionis F. v Daniela Z., 229 AD3d 624, 626; Silverman v Silverman, 186 AD3d 123, 130).
The Supreme Court properly determined that the plaintiff is entitled to a portion of the defendant's accidental disability retirement pension and directed the plaintiff to file a qualified domestic relations order to reflect the value of that portion. "[P]ension benefits or vested rights to those benefits, except to the extent that they are earned or acquired before marriage or after [the] commencement of a matrimonial action, constitute marital property" (Dolan v Dolan, 78 NY2d 463, 466; see Linenschmidt v Linenschmidt, 163 AD3d 950, 950). "Thus, 'to the extent that the disability pension represents deferred compensation, it is subject to equitable distribution'" (Linenschmidt v Linenschmidt, 163 AD3d at 950, quoting Mylett v Mylett, 163 AD2d 463, 465). "However, to the extent that a disability pension constitutes compensation for personal injuries, that compensation is separate property which is not subject to equitable distribution" (id. [internal quotation marks omitted]; see Domestic Relations Law § 236[B][5][b]; Mylett v Mylett, 163 AD2d at 464-465). Here, the value of the defendant's disability pension was based in part on his salary and service during the marriage and prior to his retirement. Accordingly, the plaintiff was entitled to equitable distribution of the nondisability portion of the defendant's accidental disability pension (see Linenschmidt v Linenschmidt, 163 AD3d at 950).
The defendant contends that the Supreme Court improvidently exercised its discretion in declining to award him a credit for the amounts he paid for the children's private school tuition. "'A court may direct a parent to contribute to a child's educational expenses, even in the absence of special circumstances or a voluntary agreement of the parties'" (Abayomi v Guevara, 215 AD3d 720, 721, quoting Sinnott v Sinnott, 194 AD3d 868, 876). "'In determining whether to award educational expenses, a court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice'" (id., quoting Matter of Weissbach v Weissbach, 169 AD3d 702, 704). Here, the court providently exercised its discretion in not requiring the plaintiff to pay a pro rata share of the children's private school tuition (see Pilkington v Pilkington, 185 AD3d 844, 847; Matter of Pittman v Williams, 127 AD3d 755, 757).
Moreover, the Supreme Court did not err in denying the defendant's request for a credit based on the plaintiff's pro rata share of payments for the children's orthodontic treatment (see Matter of Ludewig v Ludewig, 151 AD3d 726, 729; Matter of Hamilton v Richards, 119 AD3d 573, 575).
"A dependent child's Social Security benefits are designed to supplement existing resources and are not intended to displace the obligation of parents to support their children" (Matter of Wendel v Nelson, 116 AD3d 1057, 1058; see Matter of Graby v Graby, 87 NY2d 605, 611). Accordingly, the Supreme Court properly refused to credit the defendant for social security benefits that the children received due to his disability (see Matter of Wendel v Nelson, 116 AD3d at 1058).
The Supreme Court providently exercised its discretion in declining to award the defendant a portion of the plaintiff's enhanced earning capacity resulting from the dental hygiene degree and dental hygienist license she attained during the marriage. At the time this action was commenced, an academic degree earned during a marriage constituted marital property subject to equitable distribution (see Ospina-Cherner v Cherner, 178 AD3d 1059, 1062; see also Spinner v Spinner, 188 AD3d 748, 750). "The non-titled spouse is required to establish the value of the enhanced earning capacity and demonstrate that the non-titled spouse made a substantial contribution to the acquisition of the degree" (Lynch v Lynch, 168 AD3d 700, 703-704; see Spinner v Spinner, 188 AD3d at 750). Here, the defendant failed to establish that he made a substantial contribution to the plaintiff's degree (see Lynch v Lynch, 168 AD3d at 705; Higgins v Higgins, 50 AD3d 852, 853).
"The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances" (Varnit v Varnit, 233 AD3d 917, 921 [internal quotation marks omitted]; see Bari v Bari, 200 AD3d 835, 837). "In cases such as this one, commenced prior to January 23, 2016 (see L 2015, ch 269, § 4), factors to be considered are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to become self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (Bari v Bari, 200 AD3d at 837-838 [internal quotation marks omitted]; see Bishop v Bishop, 230 AD3d 1212, 1213). Here, the Supreme Court providently exercised its discretion in denying the defendant's request for a credit for overpayment of maintenance in light of, inter alia, the children's continued residence in the plaintiff's home (see Bari v Bari, 200 AD3d at 838).
"The Child Support Standards Act [(Domestic Relations Law § 240[1-b])] sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling known as the statutory cap" (Varnit v Varnit, 233 AD3d at 921 [internal quotation marks omitted]; see Matter of Butta v Realbuto, 214 AD3d 973, 974). Here, the Supreme Court properly applied the statutory formula for determining the defendant's child support obligation based upon the evidence submitted by the parties (see Domestic Relations Law § 240[1-b][f]).
Finally, contrary to the defendant's contention, the record provides no basis for overturning the Supreme Court's credibility determinations.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court