Sukul v Sukul (2020 NY Slip Op 06308)





Sukul v Sukul


2020 NY Slip Op 06308


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-13189 ON MOTION
 (Index No. 149/10)

[*1]Jillian Sukul, appellant, 
v
Yudhister Sukul, respondent.


Thomas J. Butler, Melville, NY, for appellant.
Linda S. Morrison, Patchogue, NY, attorney for the children (no brief filed).



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered April 17, 2012, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated September 4, 2019. The order, inter alia, granted the defendant's motion for sole legal and residential custody of the parties' children and awarded parenting time to the plaintiff. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas J. Butler for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Salvatore C. Adamo, 14 Penn Plaza, 225 West 34th Street, 9th Floor, New York, NY, 10122, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent and the attorney for the children shall serve and file their briefs within 30 days after the brief on behalf of the appellant is served and filed. By order on certification of this Court dated November 27, 2019, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties and the attorney for the children are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the Supreme Court's custody determination was supported by a sound and substantial basis in the record, in particular, regarding the relative fitness of the parents (see Altieri v Altieri, 156 AD3d 667, 668-669; Matter of Parsons v Kapp, 174 AD3d 617, 617-618; see generally Eschbach v Eschbach, 56 NY2d 167, 171). Since the plaintiff is entitled to the single-minded advocacy of appellate counsel, assignment of new counsel to prosecute the appeal is warranted (see Matter of Parsons v Kapp, 174 AD3d at 618; Matter of Lopez v Prudencio, 164 AD3d 1447).
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court