Matter of Moore v Glasper (2022 NY Slip Op 05692)

Matter of Moore v Glasper

2022 NY Slip Op 05692

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2022-00475 ON MOTION
2022-00476
 (Docket Nos. V-1561-19, B-4685-19)

[*1]In the Matter of Rosamae Moore, appellant,
v
Regina Cheyenne Glasper, et al., respondents. (Proceeding No. 1.)
In the Matter of Legacy G. (Anonymous). Seaman's Society for Children and Families, petitioner-respondent; Rosamae M. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
 Lauri Gennusa, Laurelton, NY, for appellant.

John R. Eyerman, New York, NY, for petitioner-respondent in Proceeding No. 2 (no brief filed).
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child (no brief filed).

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b and a related proceeding pursuant to Family Court Act article 6, Rosamae M. appeals from two orders of the Family Court, Richmond County (Karen B. Wolff, J.), both dated December 28, 2021. The first order, after a hearing, transferred custody and guardianship of the subject child jointly to Seaman's Society for Children and Families and the Commissioner of Social Services of the City of New York for the purpose of adoption and dismissed Rosamae M.'s petition for custody of the subject child. The second order, after the hearing, dismissed Rosamae M.'s petition for custody of the subject child. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Lauri Gennusa for leave to withdraw as counsel is granted, and she is directed to turn over all papers in her possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Peter A. Wilner, 155-03 Jamaica Avenue, Jamaica, New York 11432, is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondents and the attorney for the child shall serve and file their briefs within 30 days after the brief on behalf of the appellant is served and filed. By order on certification of this Court dated January 28, 2022, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The [*2]parties and the attorney for the child are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
The appellant, who was formerly the subject child's foster parent, filed a petition for custody of the subject child. Seaman's Society for Children and Families (hereinafter the agency) filed a petition to terminate the parental rights of the subject child's mother. After a fact-finding hearing on the petition to terminate parental rights, the Family Court found that the mother had permanently neglected the subject child. After a combined fact-finding hearing on the appellant's custody petition and dispositional hearing on the petition to terminate parental rights, the court transferred custody and guardianship of the subject child jointly to the agency and the Commissioner of Social Services of the City of New York for the purpose of adoption and dismissed the appellant's custody petition. The appellant's assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), seeking leave to withdraw as counsel for the appellant.
While we are satisfied with the sufficiency of the brief filed by assigned counsel, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether it was in the subject child's best interests to dismiss the appellant's petition for custody and to free the subject child for adoption by the current foster parent (see Sukul v Sukul, 188 AD3d 754, 754-755; Matter of Parsons v Kapp, 174 AD3d 617, 618; Matter of Lopez v Prudencio, 164 AD3d 1447, 1448). Since a review of the record by the Appellate Division cannot substitute for the single-minded advocacy of appellate counsel, assignment of new counsel is warranted to prosecute these appeals (see Matter of Lopez v Prudencio, 164 AD3d at 1448).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court